[No. 5190.   Decided June 23, 1904.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK
ZENNER, *Appellant.*[1]

CRIMINAL LAW—LIVING OFF EARNINGS OF PROSTITUTE—SCIEN-
TER.  Laws 1903, p. 320, § 2, making it a felony for any male
person to accept or live off the earnings of a prostitute is not
unconstitutional because it fails to require that the same be
knowingly done.

SAME—INFORMATION—ACT WILFULLY COMMITTED—KNOWLEDGE.
An information charging the crime of accepting the earnings
of a prostitute is not insufficient for failure to allege that it
was knowingly done, where it is alleged that the defendant
wilfully committed the act.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered October 9, 1903, upon
a trial and conviction of the crime of accepting the earn-
ings of a prostitute.  Affirmed.

*W. H. Abel* and *T. H. McKay,* for appellant.

*Sidney Moor Heath* and *J. A. Hutcheson,* for respond-
ent.

DUNBAR, J.—Frank Zenner, the defendant and appel-
lant, was charged by information as follows:

"The said Frank Zenner, on the 4th day of September,
A. D. 1903, in the county of Chehalis, in the state afore-
said, then and there being, did wilfully, feloniously and
unlawfully, then and there being a male person, lived with
and for a long time previous thereto, had been living
with, and lived off of, and accepted the earnings of one
Queen Adams, so called, she being then and there a prosti-
tute."

A verdict of guilty was rendered, motion for new trial
and motion in arrest of judgment denied, and judgment

1Reported in 77 Pac. 191.

of conviction rendered. From such judgment this appeal was taken.

The following errors are assigned: (1) The information fails to state a crime; (2) the evidence was insufficient to support a verdict of guilty. It is argued by the appellant that the information is insufficient, first, because the act on which it was based is unconstitutional; second, because, in any event, an offense is not charged under the act. Section 2 of chapter 123, p. 230, Laws of 1903, provides:

"Any male person who lives with, or who lives off of, in whole or in part, or accepts any of the earnings of a prostitute, or connives in or solicits or attempts to solicit any male person or persons to have sexual intercourse, or cohabit with a prostitute, or who shall invite, direct or solicit any person to go to a house of ill-fame for any immoral purpose; or any person who shall entice, decoy, place, take or receive any female child or person under the age of eighteen years, into any house of ill-fame or disorderly house, or any house, for the purpose of prostitution; or any person who, having in his or her custody or control such child, shall dispose of it to be so received, or to be received in or for any obscene, indecent or immoral purpose, exhibition or practice, shall be deemed guilty of a felony and upon conviction thereof shall be imprisoned in the penitentiary not less than one year nor more than five years, and fined in any sum not less than one thousand dollars nor more than five thousand dollars."

And it is contended, that under the act the acceptance of the earnings of a prostitute renders the acceptor guilty, irrespective of whether such acceptor knew that the person from whom he accepted such earnings was a prostitute; that the law does not say that "knowingly accepting," etc., renders the person guilty, and that it is an acceptance, however innocent, that is made unlawful by the act; and that, therefore, the law is unconstitutional.

This contention is not supported by authority. The rule
is thus laid down in 16 Am. & Eng. Enc. Law, p. 138:

"Where the statutes are silent as to any *scienter*, as
where they do not use the words 'knowingly,' 'wilfully,'
and the like in describing the offense, it will not be neces-
sary to allege and prove affirmatively that the defendant
knew the relationship existing between him and the parti-
ceps;"

citing many cases in support of this proposition, and lay-
ing down the doctrine that the defendant's ignorance of
such fact would constitute a valid defense.

This identical question, embracing the construction of
a statute of Washington territory, was passed upon by the
federal court in, *In Re Nelson*, 69 Fed. 712, in the fol-
lowing language:

"It has been further argued in behalf of the petitioner
that the statute of Washington territory is invalid be-
cause of the omission of the word 'knowingly,' or any
equivalent word or phrase to make knowledge of the re-
lationship an element of the crime. I find by comparison,
however, that the statute of Washington territory is in
this respect not unlike other statutes which have been
upheld in numerous prosecutions, and there is really no
merit in the argument. Bish. Stat. Crimes, §§ 727, 729."

The same question was discussed by this court in *State
v. Glindemann*, 34 Wash. 222, 75 Pac. 800, and the con-
stitutionality of a similar statute sustained.

On the second proposition, if it were held to be neces-
sary to allege knowledge, the information in this respect
is sufficient, for it alleges that the defendant wilfully
committed this act, and it would be a strange construction
of language to hold that one could wilfully do a thing
without knowingly doing it. In our opinion the law is
a valid law, and the information is sufficient under the

provisions of the law. We are not inclined to disturb the verdict of the jury on the question of the insufficiency of the evidence.

The judgment will therefore be affirmed.

FULLERTON, C. J., and HADLEY, ANDERS, and MOUNT, JJ., concur.