[No. 355-39832-1.    Division One—Panel 2.    July 27, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES AKRIDGE, III, *Appellant*.

*Wm. J. Gaffney,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *James Anderson, Deputy,* for respondent.

WILLIAMS, J. — Defendant, James Akridge, III, was charged with two counts of carnal knowledge and one count of accepting the earnings of a prostitute. A jury found him guilty as charged and he appeals.

■ The first charge of carnal knowledge involved a 17-year-old girl, who testified that appellant had forced her to have intercourse with him. Her mother, called as a witness by the state, testified that shortly after the girl came home she told of the incident and identified appellant as the man responsible. Appellant's first assignment of error challenges the admissibility of the mother's testimony. Counsel at trial, not the same as on appeal, made no objection. The error, if any, cannot be considered. *State v. Linton,* 36 Wn.2d 67, 216 P.2d 761 (1950).

■ Appellant's second and third assignments of error on the first charge concern questions asked of defense witnesses by the deputy prosecuting attorney. It is claimed that the deputy prosecutor insinuated that one witness was a prostitute and that another was lying, without proof of either charge. No objection or request for curative instruction was made. Thus, the error cannot be considered, *State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1966), unless the prejudice was so marked and enduring, which it was not, that curative instructions or admonitions could not have cured the error. *State v. Green,* 70 Wn.2d 955, 425 P.2d 913 (1967).

Counts 2 and 3 accused appellant of carnal knowledge of a 14-year-old girl and with the crime of accepting her earnings as a common prostitute. The prosecutrix testified that appellant had intercourse with her on two separate occasions, that she became a prostitute at his request, and that

she gave him all the money which she earned as a prostitute.

■ Appellant challenges two instructions.[1] He contends that the challenged instructions are fatally defective because they do not include the element of knowledge or evil intent. It was held in *State v. Zenner*, 35 Wash. 249, 77 P. 191 (1904), that knowledge is not an essential element of the crime of accepting the earnings of a common prostitute. For a discussion of the power of the legislature to eliminate the element of intent from the definition of a crime *see State v. Strasburg*, 60 Wash. 106, 110 P. 1020 (1910).

Appellant's attack on instruction No. 11, that it wrongfully implies appellant could be convicted of living with a common prostitute, is not reviewable as no objection was raised nor instruction requested. *State v. Jackson*, 70 Wn.2d 498, 424 P.2d 313 (1967).

Appellant's final assignment of error is directed to certain remarks made by the deputy prosecuting attorney during final argument. No objection was made at the trial, nor was a curative instruction requested. The statements were

---

[1] Instruction No. 4:

"To convict the defendant of the crime of Accepting the Earnings of a Common Prostitute, as charged in Count III of the information, the state must prove to you beyond a reasonable doubt:

"(1) That James E. Akridge, III, during a period of time intervening between December 1, 1966 and January 24, 1967 did receive and accept any money earned by Florrine Morris in the practice of prostitution;

"(2) That during said time said Florrine Morris was a common prostitute;

"(3) That the above acts occurred in King County, Washington.

"If you find from the evidence admitted in this case that the state has proved each of the above elements beyond a reasonable doubt, then it will be your duty to return a verdict of guilty of Accepting Earnings of a Common Prostitute as charged in Count III of the information herein.

"On the other hand, if after weighing all of the evidence you then entertain a reasonable doubt as to any element set forth above, then it will be your duty to return a verdict of not guilty as to Count III."

Instruction No. 11:

"Under the laws of this state any person who shall live with or accept any earnings of a common prostitute shall be guilty of the crime of Accepting the Earnings of a Common Prostitute."

not so flagrant nor prejudicial as to be incurable. The claimed error is not properly presented for review. *State v. Brakes*, 1 Wn. App. 987, 465 P.2d 683 (1970).

Affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.