HARRY L. STROHM

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 30, 1896.*

1. CRIMINAL LAW—*immoral publications—sufficiency of indictment, under act of 1889.* An indictment under the act of June 3, 1889, to suppress the selling, giving or showing to minors of any publication principally made up of criminal news, sufficiently describes the offense in the language of the statute, without setting out the supposed prohibited matter or excusing a failure to do so.

2. SAME—*selling immoral papers, etc.—act of 1889 construed.* The penalty mentioned in the act of 1889 (Laws of 1889, p. 114,) is incurred by selling, etc., "stories of deeds of bloodshed, lust or crime," without any accompanying pictures illustrating such stories.

3. APPEALS AND ERRORS—*abstract must show ground on which alleged errors are based.* Alleged errors not based upon anything appearing in the abstract of the record will not be considered by the court.

*Strohm* v. *People,* 60 Ill. App. 128, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

PALMER, SHUTT, DRENNAN & LESTER, for plaintiff in error.

MAURICE T. MOLONEY, Attorney General, (T. J. SCOFIELD and M. L. NEWELL, of counsel,) and I. R. MILLS, State's Attorney, for the People.

Mr. JUSTICE BAKER delivered the opinion of the court:

Plaintiff in error was convicted on two counts of an indictment based on provisions of the act of June 3, 1889, entitled "An act to suppress selling, lending, giving away or showing to any minor child any paper or publication principally devoted to illustrating or describing immoral deeds." (Laws of 1889, p. 114.) Section 1 of said act reads as follows: "That it shall be unlawful for any person to

sell, lend, give away or show, or have in his possession with intent to sell or give away or to show or advertise or otherwise offer for loan, gift or distribution, to any minor child, any book, pamphlet, magazine, newspaper, story paper or other printed paper devoted to the publication or principally made up of criminal news, police reports or accounts of criminal deeds, or pictures and stories of deeds of bloodshed, lust or crime." And section 3 provides, in part, as follows: "It shall be unlawful to hire, use or employ any minor child to sell or give away, or in any manner to distribute, * * * any book, magazine, pamphlet, newspaper, story paper or publication coming within the description of matter mentioned in the first section of this act, and any person violating any of the provisions of this act shall be guilty of a misdemeanor, and on conviction shall be fined in any sum not exceeding $500, or imprisoned in the county jail of the county where the offense has been committed, not to exceed six months, or both fine and imprisonment, at the discretion of the court."

One of the counts of the indictment is based on said section 1, and charges that defendant, on the 16th day of November, 1892, at, etc., "did unlawfully sell, give away and show, and did unlawfully have in his possession with intent to sell, give away and show, to one Burt Damon, who was then and there a minor child, a certain newspaper known as *The Sunday Sun*, a certain publication purporting to be published in the city of Chicago and State of Illinois, which said newspaper was then and there devoted and principally made up of criminal news, police reports, and accounts of criminal deeds and stories of deeds of bloodshed, lust and crime, contrary to the form of the statute," etc. The other count is based on said section 3, and charges that defendant, on the 19th day of November, 1892, at, etc., "did unlawfully and knowingly hire, use and employ one Burt Damon, who was then and there a minor child, to sell and distribute a certain

newspaper known as *The Sunday Sun*, a publication purporting to be published in the city of Chicago and State of Illinois, which said newspaper was then and there devoted to the publication and principally made up of criminal news, police reports and accounts of criminal deeds, contrary to the form of the statute," etc.

It is urged that the circuit court should have sustained the motion to quash each of these two counts of the indictment, because neither of them sets out the supposed prohibited matter or gives any excuse for the failure to do so. Reliance is placed upon the decision of this court in *McNair* v. *People*, 89 Ill. 441. The indictment in that case was under section 223, division 1, of the Criminal Code, for printing, having in possession and giving away an obscene and indecent pamphlet. It was held by a majority of the court, that under that section it was necessary to set out the supposed obscene matter in the indictment, unless the obscene publication was in the hands of the defendant or out of the power of the prosecution, or the matter was too gross or obscene to be spread on the records of the court, either of which facts, if existing, it was held, should be averred in the indictment as an excuse for failing to set out the obscene matter. In the subsequent case of *Fuller* v. *People*, 92 Ill. 182, where the indictment was under the same section of the Criminal Code, it was held, (citing *McCutcheon* v. *People*, 69 Ill. 601, *Warriner* v. *People*, 74 id. 346, and *Cole* v. *People*, 84 id. 216,) that a count charging that the defendant, on, etc., at, etc., unlawfully did have in his possession a certain obscene and indecent picture, contrary to the form of the statute, etc., was sufficient under our statute, since it stated the offense in the terms and language of the statute creating the offense. (Crim. Code. div. 11, sec. 6.)

In order to bring a case within the act of 1889, the book, pamphlet, magazine, newspaper, story paper or other printed paper that is within the inhibition of the

statute, must be one that is "devoted to the publication or principally made up of criminal news, police reports or accounts of criminal deeds, or pictures and stories of deeds of bloodshed, lust or crime." Here, that which the first count charges the defendant "did unlawfully sell, give away and show to one Burt Damon, who was then and there a minor child," was a newspaper, and that which the other count charges he "did unlawfully and knowingly hire, use and employ one Burt Damon, who was then and there a minor child, to sell and distribute," was a newspaper. It would be impossible, by setting out in the indictment matter contained in the newspaper, to show that said newspaper was "devoted and principally made up of criminal news, police reports and accounts of criminal deeds, and pictures and stories of deeds of bloodshed, lust or crime," without setting out therein the entire contents of such newspaper. The newspaper might well contain matter of one or more of the several kinds specified in the act, and yet said newspaper not be devoted to the publication or principally made up of any or all of said several kinds of matter. It would be unreasonable, absurd and impracticable to require that the entire matter contained in the newspaper should be stated at length in the indictment, and the setting out of a part, only, of the contents would not show that such newspaper was devoted to and principally made up of matter of the kinds mentioned in the act. Here the offense is stated in the terms and language of the statute creating it, the name of the paper is stated and the place of its publication, and it is expressly charged "that said newspaper was then and there devoted to the publication and principally made up of criminal news, etc., contrary to the form of the statute." We think this latter averment sufficiently shows to what the newspaper was devoted and of what kind of matter it was principally made up, and that the objection that the indictment does not set out the supposed inhibited matter is without merit.

The assignment of error that plaintiff in error was tried without arraignment or plea is obviated by the additional record that was filed in the Appellate Court as a return to the writ of *certiorari*, which shows that a plea of not guilty was entered before trial.

It is assigned as error that the court permitted counsel for the prosecution to read to the jury, in his opening argument, a newspaper article from the *Terre Haute* (Indiana) *Gazette.* Neither said article, nor any abstract of the same, nor anything indicating the character of the article, appears in the abstract of the record, and we are therefore unable to say that said article was prejudicial to the rights of plaintiff in error.

It is claimed that the third instruction given for the prosecution is erroneous. Said instruction directed the jury that they should find the defendant guilty if it appeared from the evidence, beyond a reasonable doubt, among other designated things, "that the said paper was devoted to the publication and principally made up of criminal news, police reports, and accounts of criminal deeds and stories of deeds of bloodshed, lust and crime." It is to be noted that the words used in the instruction are the descriptive words of the statute, except that in the latter the additional words "or pictures" precede the words "and stories of deeds of bloodshed, lust or crime." The contention is, that stories of deeds of bloodshed, lust and crime, without pictures illustrating them, are not within the description of the statute. We are unable to concur in this view. On the contrary, we fully agree with what was said in regard to this matter in the opinion filed in the Appellate Court. PLEASANTS, J., there said: "We hold that the statute, by a proper construction, embraced pictures of such deeds with or without stories and stories of such deeds with or without pictures. The subject against which it was intended to be directed was the matter of deeds of bloodshed, lust and crime, whether presented by words or by pictures, or by both.

The title of the act embraces publications devoted to 'illustrating *or* describing immoral deeds.' That the legislature intended that such matter might be presented to minor children, however grossly, by pictures without verbal stories or by verbal stories without pictures, is a supposition not to be entertained. They meant to interdict such use of publications of each kind, and one *and* the other, meaning, plainly, either, or both in combination."

No claim is or justly could be made that the verdict of the jury and judgment of the trial court are not amply supported by the testimony in the case.

We find no substantial error in the record, and the judgment of affirmance rendered by the Appellate Court is affirmed.

*Judgment affirmed.*