COMMONWEALTH *vs.* G. OSBORNE GRANT.

Suffolk.   November 16, 1908. — March 29, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Punctuation.   Practice, Criminal,* Variance.   *Attorney at Law,* Falsely represent-
ing one's self to be attorney at law.

Punctuation is not conclusive in determining the meaning of writings, but at most
is only an aid in their construction.

A criminal complaint charged that the defendant, without having been admitted to
practise as an attorney at law, represented himself by means of a certain letter-
head to be an attorney and counsellor at law and lawfully qualified to practise
in the courts of this Commonwealth, and, after the words, "which said letter-
head is of the tenor following, that is to say :" set out a copy of a letter-head
which contained, besides a recital of the defendant's business as "Law, collec-
tions and adjustments.   Claims collected by suit or demand everywhere.   Spe-
cial attention given to accident claims and all other causes for civil damages,"
and of various legal positions held by him, the defendant's name on one line, on
the second and third lines the words "late first assistant attorney in the office of,"
on the fourth and fifth lines the words "The Hon. Judge Harvey D. Hadlock"
followed by a comma, and on the next lines the words "Attorney and Coun-
sellor at Law, Boston, U. S. A."   At the trial it was admitted by the defendant
that he had not been admitted to practise in this Commonwealth.   The Com-
monwealth proved that the defendant had used in his business a letter-head
identical with the one set out in the complaint, except that there was no comma
after the word "Hadlock" in the fourth line.   The presiding judge refused to
direct a verdict for the defendant on that ground.   *Held,* that there was no
error in the ruling, since it was competent for the jury to find that the defend-
ant intended to and did represent himself in the letter-head which was in evidence
to be an attorney and counsellor at law lawfully qualified to practise in this Com-
monwealth, and since the fact that, in the letter-head introduced in evidence,
there was no comma after the word "Hadlock" did not constitute a material
variance.

COMPLAINT, received and sworn to in the Municipal Court of
the City of Boston on March 21, 1908, alleging that the defend-
ant, "not having been admitted to practise as an attorney and
counsellor at law in accordance with" R. L. c. 165, "did, by
means of a certain letter-head, represent himself to be an attor-
ney and counsellor at law, and lawfully qualified to practise in
the courts of said Commonwealth; which said letter-head is of
the tenor following, that is to say :

" Law, Collections & Adjustments.

Claims Collected by Suit or Demand Everywhere. Special Attention Given to Accident Claims and all Other Causes for Civil Damages.

A Lawyer Retained in every City and Town in the United States and Canada to Prosecute and Adjust Claims in and out of Court.

G. Osborne-Grant, LL. B., Late First Assistant Attorney in the Office of The Hon. Judge Harvey D. Hadlock, Attorney and Counsellor at Law, Boston, U. S. A.

Formerly Attorney General-*elect* of the Principality of Trinidad, South America, Under Baron Harden-Hickey, the Founder of the Principality.

Legal Counsel in the United States for the Guianese Junta.

Cable Address: " Guiana, — Boston "

Codes:  Watkin's Code.
        A. B. C. Code 4th & 5th Edition.
        Lieber's Code.
        Western Union Code.
        A1 Code.

Telephone Connection."

The bill of exceptions states: " The evidence introduced in behalf of the Government was as follows: A letter-head used in his business correspondence by the defendant, identical with the letter-head set forth in the complaint, excepting the omission of a comma after the surname Hadlock. It was admitted by the defendant that he was not an attorney at law duly qualified to practise in the Commonwealth of Massachusetts. The defendant introduced no evidence in his behalf, but pleaded not guilty."

At the close of the evidence, the defendant asked the presiding judge to direct a verdict for the defendant, assigning the following reasons therefor: (1) that the Commonwealth had not produced sufficient evidence to support the offense charged in the complaint as a matter of law; (2) that there was a variance between the alleged letter-head set forth in the complaint and the letter-head in evidence, in that there was a comma inserted after the word or name " Hadlock " in the complaint which did not appear in the letter-head in evidence, and that the defendant was prejudiced thereby; (3) that the Commonwealth had not shown in evidence a letter-head in which the defendant held himself out as an attorney at law qualified to practise in the courts of the Commonwealth.

The presiding judge refused to rule as requested and, in the language of the bill of exceptions, " after proper instructions by the court to the jury, the evidence was given to the jury." The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. C. Hadlock,* for the defendant.

*F. W. McGettrick,* Assistant District Attorney, for the Commonwealth, submitted a brief.

MORTON, J. This was a complaint charging that the defendant did by means of a certain letter-head represent himself to be an attorney and counsellor at law and lawfully qualified to practise in the courts of this Commonwealth, he not having been admitted to practise as an attorney and counsellor at law in accordance with the provisions of R. L. c. 165. The defendant was found guilty at the trial in the Superior Court, to which he had appealed from the finding against him in the Municipal Court, where the complaint was brought, and the case is here on exceptions by the defendant to the refusal of the presiding judge to give certain rulings that were asked for. No fault is found with the instructions in other respects, and they are spoken of in the bill of exceptions as " proper," except in regard to the matters complained of.

The complaint is brought under R. L. c. 165, § 45. At the trial the defendant admitted " that he was not an attorney at law duly qualified to practise in the Commonwealth of Massachusetts." The Commonwealth introduced evidence tending to show the use by the defendant in his business correspondence of a letter-head identical with that set forth in the complaint except that the letter-head in the complaint had a comma after the surname Hadlock, and that introduced in evidence had no such comma. The defendant contended that this constituted a variance and asked the judge so to rule, which the judge refused to do. The contention of the defendant is that without the comma the words " attorney and counsellor at law " which follow the name " Harvey D. Hadlock " would naturally refer to that and not to the defendant's name which is at the top. If the presence or absence of a comma at the place indicated would conclusively determine the construction of that part of the letter-head, and show that in one case the words " attorney and counsellor at law " referred to the defendant and in the other to Harvey D. Hadlock, then the instruction requested was correct and should have been given. But no such conclusive effect can be given to the presence or absence of the comma. " Punctuation," as was said in *Ewing* v. *Burnet,* 11 Pet. 41, 54, " is a most

fallible standard by which to interpret a writing." It may be disregarded entirely, or it may be resorted to as an aid in construction. *Commonwealth* v. *Kelley*, 177 Mass. 221. It is at most only an aid in construction. In the present case, taking the letter-head as a whole, it was competent for the jury to find that the defendant intended to and did represent himself thereby to be an attorney and counsellor at law lawfully qualified to practise in the courts of this Commonwealth, and that the words " Attorney and Counsellor at Law, Boston, U. S. A.," referred to himself and not to Harvey D. Hadlock, who was described as " The Hon. Judge Harvey D. Hadlock," and to whom the words " attorney and counsellor at law " might therefore have seemed to be inapplicable. The jury were warranted in finding that the whole scope and purpose of the letter-head was to advertise that as a counsellor and attorney at law the defendant was doing a law and collection business, and that, by reason of his experience, and past and present connections, he possessed especial qualifications and advantages for attending to the same.

It follows from what we have said that the instructions requested were rightly refused.

*Exceptions overruled.*