THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SERENES T. SCHREIBER, Plaintiff in Error.

*Opinion filed April 19, 1911—Rehearing denied June 7, 1911.*

1. CONSTITUTIONAL LAW—*act to punish frauds in practice of law is within its title.* The act "to prevent and punish frauds in the practice of law," (Hurd's Stat. 1909, p. 775,) reasonably embraces the punishment of persons residing in this State who hold themselves out as entitled to practice law when they have no right to do so, and the provisions of the act are therefore within its title.

2. SAME—*act to punish frauds in the practice of law is not special legislation.* The fact that the act to prevent and punish frauds in the practice of law applies only to persons residing in this State who hold themselves out as entitled to practice law without being licensed to practice in the courts of this State does not render the act unconstitutional as special legislation.

3. CRIMINAL LAW—*when information is sufficient.* An information charging a statutory offense in the language of the statute is sufficient if the statute itself sufficiently defines the offense.

4. SAME—*when party is guilty of fraud in the practice of law.* A resident of Illinois who, having no right to practice law, maintains an office where he makes collections, draws conveyances, examines abstracts, negotiates loans and advises parties of their legal rights, styling himself "Collection Attorney" and forming connections with collection agencies, is guilty of a violation of the act to prevent and punish frauds in the practice of law, though he does not try cases in courts of record.

5. SAME—*what does not prevent violation of an act to prevent frauds in the practice of law.* Where an office and office force are maintained by a resident of Illinois who is engaged in the law business without being admitted to the bar, he cannot escape the

penalty of the act to prevent and punish frauds in the practice of law by styling himself "Collection Attorney," or using some other word before "attorney" which would indicate to the public that he was specializing in some particular branch of the law.

WRIT OF ERROR to the County Court of Winnebago county; the Hon. LOUIS M. RECKHOW, Judge, presiding.

B. A. KNIGHT, (G. E. JOHNSON, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, HARRY B. NORTH, State's Attorney, and FRED H. HAND, for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an information filed by the State's attorney of Winnebago county, in the county court of said county, charging Serenes T. Schreiber, the plaintiff in error, with having violated section 1 of an act entitled "An act to prevent and punish frauds in the practice of law," by holding himself out as an attorney at law and by representing that he was authorized to practice law when he had not been regularly licensed to practice law in the courts of this State, which section of the statute reads as follows: "That any person residing in this State not being regularly licensed to practice law in the courts of this State, who shall in any manner hold himself out as an attorney at law or solicitor in chancery or represent himself either verbally or in writing, directly or indirectly, as authorized to practice law, shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than twenty-five ($25) dollars, nor more than five hundred ($500) dollars, or imprisonment in the county jail not exceeding one year, or by both fine and imprisonment, at the discretion of the court, for each and every offense, said misdemeanor to be prosecuted and costs assessed as in other cases of misdemeanor under chapter 38 of the Revised Statutes of Illi-

nois." (Hurd's Stat. 1909, p. 775.) A motion to quash
the information was made and overruled and the plea of
not guilty was entered, and upon a trial before a jury plain-
tiff in error was found guilty, and the court, after over-
ruling a motion for a new trial and in arrest of judgment,
entered judgment on the verdict, sentencing the plaintiff in
error to pay a fine of $300 and the costs of prosecution,
and that he be committed to the county jail of Winnebago
county until the fine and costs were paid. This writ of
error has been sued out to review the judgment entered by
the county court.

It is contended that the act under which the plaintiff in
error was convicted is unconstitutional, (1) on the ground
that the title of the act is insufficient; and (2) that the act
discriminates against residents of this State and in favor
of residents of foreign States. We are of the opinion both
contentions are without force. The act was designed to
prevent persons who reside in this State and who were not
duly licensed to practice law in this State from imposing
upon the public by holding themselves out as duly licensed
attorneys at law or from representing to the public that
they were authorized to practice law. For a person who
has not been admitted to the bar in this State to hold him-
self out as a duly licensed attorney at law or to represent
that he is authorized to practice law in this State would
be a gross fraud, and such action would bring the offender
clearly within the language of an act framed with the de-
sign to prevent and punish frauds in the practice of law.
It has been held by this court that any means which are
reasonably adapted to secure the object indicated in the
title of an act may be included within the body of the act,
(*Larned* v. *Tiernan,* 110 Ill. 173,) and if by any fair in-
tendment the provisions in the body of an act have a nec-
essary or proper connection with the title of the act, such
provisions are not objectionable. (*Hudnall* v. *Ham,* 172
Ill. 76.) And it would seem too clear for argument that a

statute which prohibits persons in this State from holding themselves out as attorneys at law who have not been regularly admitted to the bar and who have no right to practice law in this State would reasonably tend to prevent fraud in the practice of law, and that such an enactment would have a necessary and proper connection with the title, which states the act which is to follow is one for the prevention and punishment of frauds in the practice of law. We are of the opinion the title of said act is sufficient and that the body of the act is within the title.

The contention that the act discriminates against persons residing in this State and in favor of persons residing outside the State is based upon the view that while the act prohibits persons that reside in the State from practicing law without having been admitted to the bar, the citizens of other States may come within this State and practice law in the courts of this State without being admitted to the bar of this State. Such is not the effect of the statute. The statute was not passed for the purpose of reaching all classes of citizens. It was a fact well known to the legislature when it passed the act, that within the State there were persons who had never been admitted to the bar, or who had been admitted to the bar and whose licenses authorizing them to practice law in this State had been revoked, who, in defiance of the law, were fraudulently holding themselves out as attorneys at law and authorized to practice law, and imposing upon and often defrauding the public by leading it to believe that they were regularly licensed attorneys at law, and this class included the persons sought to be reached by the statute. The enforcement of this statute will have no effect upon a reputable lawyer residing in a foreign State who may temporarily desire to represent a client in this State, as he may rightfully do so as a matter of comity, and non-resident unlicensed attorneys will not come into this State to practice law, and if they should, by reason of their non-residence and want of a

permanent location and lack of acquaintances they would be unable to find victims upon whom to practice their wiles. The unlicensed non-resident, therefore, who might desire to practice law in this State differs from the non-resident drummer or peddler who goes into a State other than that in which he resides to sell his goods and wares, and the principles of law which apply to the latter classes have no application to the non-resident who has not been admitted to the bar, and who, possibly, might desire to practice law in this State. The statute applies to every resident of this State who holds himself out as an attorney at law or who represents himself as authorized to practice law and who has not been regularly licensed to practice law or whose license has been revoked. The statute is not special or discriminatory legislation but a valid constitutional enactment.

It is next contended that the court erred in overruling the motion to quash. The information charged, in each count, the offense substantially in the language of the statute. It does not charge a common law offense, and where the offense is statutory it is sufficient to allege it in the words of the statute, provided it sufficiently defines the crime. (*Strohm* v. *People,* 160 Ill. 582; *Meadowcroft* v. *People,* 163 id. 56; *McCracken* v. *People,* 209 id. 215.) The information was, therefore, sufficient.

It is further urged that the court misdirected the jury as to the law of the case. We have examined the instructions given on behalf of the People as well as the defense, and those refused which were offered by the defendant. The issues were simple and the evidence of guilt was clear. We are of the opinion the jury were properly advised as to the law of the case.

It is finally stated—the verdict is not supported by the evidence. It appears that the plaintiff in error maintained an office in the city of Rockford; that it consisted of a main office and a consultation room; that he employed a stenographer; that he had quite a pretentious law library;

that his business consisted of making collections, preparing conveyances, examining abstracts, negotiating loans, closing real estate deals, advising parties as to their legal rights, and generally performing such services for his clients as are usually performed by attorneys at law, and that he stated to his clients that he was a lawyer; that upon his office door and window and office stationery he had his name, followed by the words "Collection Attorney," and that he had formed a connection with attorneys and collection agencies throughout the United States and Canada, with whom he exchanged business; that he did all the law business he could get to do, with the exception that he says he did not try cases in courts of record. It is obvious the plaintiff in error was holding himself out as an attorney at law. He urges, however, that as he placed the word "collection" before the word "attorney" upon his signs and advertisements he is not guilty of a violation of the statute. Where an office and office force are maintained by a party who is engaged in the law business without having been duly admitted to the bar, he cannot escape the pains and penalties of the statute by placing after his name and before the word "attorney" some word or phrase which, at most, only shows to the ordinary observer that he is specializing in the practice of law. The evidence fully establishes that the plaintiff in error was holding himself out as authorized to practice law without being regularly licensed to practice law, and upon his own showing he was guilty of a violation of the statute.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*