The People of the State of Illinois, Defendant in Error, v. Leo Levin, Plaintiff in Error.

Gen. No. 18,680.

CRIMINAL LAW—*where information is sufficient.* An information in the language of the statute charging defendant with a violation of section 10 of the Motor Vehicle Act of 1911 is sufficient, since the statute sufficiently describes the offense.

BARNES, J., dissenting.

Error to the Municipal Court of Chicago; the HON. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 24, 1913.

LOUIS GREENBERG, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOF-HEIMER, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

Plaintiff in error pleaded guilty to a charge of violation of the provisions of section 10 of the Motor Vehicle Act of 1911 (paragraph 269j, page 2044, compilation of 1912 R. S.)

The language of the information is:

"that Leo Levin  *  *  *  on the 21st day of June, A. D. 1912, at the City of Chicago, aforesaid, did then and there upon a public highway situated within the corporate limits of the city aforesaid, drive a motor vehicle at a speed greater than is reasonable and proper having regard to the traffic and the use of the way so as to endanger the life or limb or injure the property of any person,  *  *  *  informant further says that the above violation then and there occurred upon a public highway within the jurisdiction of the South Park Commissioners, to wit: Michigan avenue boulevard between 12th street and 13th street *  *  * contrary to the form of the statute.  *  *  *"

It is said that this information is insufficient in that it charges no offense. The information is in the language of the statute, and in certain circumstances the statute makes such an information sufficient. Section 6, division XI of the Criminal Code.

It is argued by the plaintiff in error that because portions of the statute make provision as to what shall be *prima facie* evidence of proof of excessive speed in certain localities, ten miles in the business section of the city, etc., the information does not charge an offense, as it does not allege the character of the public highway nor the rate of speed at which the vehicle was charged to have been operated. The contention is evidently based upon the idea that a person may run his motor vehicle at any place or under any circumstances at a rate of speed not in excess of ten miles an hour, without violating the provisions of the statute, or upon the idea that the information must set out the facts so that the court, from the information itself, can reach a conclusion as to whether or not the speed was unreasonable, under the circumstances.

It has been held that an indictment under the Act of June 3, 1889, to suppress the selling, giving or showing to minors of any publication *principally made up of criminal news,* sufficiently describes the offense in the language of the statute, without setting out the prohibited matter or excusing a failure to do so. *Strohm v. People,* 160 Ill. 582.

An indictment for larceny as bailee is sufficient which charges the crime substantially in the words of the statute defining the offense, and it is not necessary to allege the particular facts constituting the crime, as in the case of larceny at common law. *McCracken v. People,* 209 Ill. 215.

An information charging the defendant with having violated the act to prevent and punish frauds in the practice of law, by holding himself out as an attorney at law and by representing that he was authorized to

practice law when he had not been regularly licensed to practice law in the courts of this state, is sufficient, as the charge is not of a common law offense and, as where the offense is statutory, it is sufficient to allege it in the words of the statute providing the statute sufficiently defines the crime. *People v. Schreiber,* 250 Ill. 345.

Plaintiff in error cites the case of *People v. Trumbley,* 252 Ill. 29, as a controlling authority. In that case, however, the offense was not charged in the language of the statute, and did not contain sufficient allegations of fact to bring the case within the statute.

Our conclusion is that the statute itself sufficiently describes the offense, and that the information, being based upon it, is sufficient. The judgment is affirmed.

*Affirmed.*

MR. JUSTICE BARNES dissenting: I cannot concur in the foregoing opinion. It is sufficient to follow the language of the statute provided it describes a crime. So far as the information employs the language of the statute, it does not describe a crime. The Motor Vehicle Act prohibits three things,—(1) driving such vehicle at a speed greater than is reasonable and proper having regard to the traffic and the use of the way, (2) driving at a speed so as to endanger the life or limb of any person, and (3) driving at a speed so as to injure the property of any person. The act makes certain specified circumstances a *prima facie* violation thereof, but neither these nor any other are alleged in the information, which leaves facts "necessary to be averred to be derived by inference from an allegation of a mere conclusion of law." *Gunning v. People,* 189 Ill. 165. Section 6 of division XI of the Criminal Code does not dispense with the rule requiring necessary facts to be pleaded with reasonable certainty. (Id.) The information avers no facts with regard to the traffic or use of the way from which the inference may

be drawn that the speed was unreasonable; nor does it allege that the life or limb of any particular person or persons was endangered, or any state of facts from which that might be inferred; nor does it state that any particular property was injured. It is also bad because it pleads in the alternative the several offenses prohibited. Bishop on Criminal Procedure, vol. 1, secs. 326, 585.