[No. 6978]

THE PEOPLE EX REL V. TAYLOR.

1.  WORDS AND PHRASES—"*Lawyer*" and "*Attorney*," are synonymous.
2.  ATTORNEY—*Unlicensed Person Advertising as*—One who, not having a license from the supreme court as provided by statute, advertises himself as a "lawyer," is guilty of a contempt under Rev. Stat., sec. 251.

*Original proceeding.*

Mr. HUGH MCLEAN, for petitioner.

Mr. O. N. HILTON, for respondent.

*Per Curiam:*

Information was filed against respondent, alleging that he was advertising and holding himself out to the public as an attorney, when as a matter of fact he was not licensed to practice law in this state, and asking that he be adjudged guilty of contempt as provided in section 251,

Revised Statutes of 1908. This section provides in substance that any person who shall advertise, represent or hold himself out in any manner as an attorney, attorney at law or counselor at law, without having a license from the supreme court of this state to practice law, shall be deemed guilty of contempt. The information charged that Taylor caused his name to be inserted in the city directory of the city of Denver and in the directory of the Colorado Telephone Company as a lawyer, and that the words, "George F. Taylor, Lawyer," appeared on his business cards and the door of his office, at 421 Charles building, Denver, Colorado. The respondent answered, admitting that he had not been licensed by this court to practice law, and that he had advertised as being a lawyer, substantially as set out in the information. Petitioner moved for judgment on the pleadings, adjudging him guilty of contempt, and that he be punished accordingly.

Respondent urges three reasons in his answer and brief why he should not be adjudged guilty: (1) That the statute does not apply to him, for the reason that he has only advertised as a "lawyer" and that the statute only embraces those who advertise, represent or hold themselves out as an attorney, attorney at law or counselor at law. (2) That the statute does not inhibit the practice of law in courts not of record by persons not licensed, and that by statute any person may practice in the county court while sitting for probate business, and having the right to practice in such courts he has not violated the statute by advertising himself as a lawyer. (3) That the statute is inoperative, unconstitutional and void because it attempts to define and punish as contempt an act which can not be construed, or by statute made, a contempt of court.

Webster defines lawyer as:

"One versed in the law, or a practitioner of law; one whose profession is to conduct law-suits for clients, or to advise as to the prosecution or defense of law-suits, or as to legal rights and obligations and other matters. It is a general term comprehending,—attorneys, counselors, solicitors, barristers, sergeants and advocates."

It thus appears that "lawyer" and "attorney" are synonymous; and hence any one advertising himself as a lawyer holds himself out to be an attorney, attorney at law, or counselor at law.

The second proposition relied upon by respondent is in no sense involved. He is not charged with having represented litigants in courts not of record, nor in matters of probate before the county court. He has not limited his advertisements to any class of business—on the contrary, from these sources it appears that he holds himself out as being licensed to engage in the general practice of the law, when in fact, from his own admissions, he is not. This is a clear violation of the statute, the object of which is to protect the public from being imposed upon by unlicensed persons advertising themselves as licensed to conduct law-suits for clients and advise them as to their legal rights and obligations.

Chapter nine of the Revised Statutes of 1908 provide in substance that no person shall be permitted to practice as an attorney or commence, defend or conduct any action in which he is not a party concerned, in any court of record within this state, without having previously obtained a license for that purpose from the supreme court, which license shall constitute the person receiving the same an attorney at law, and shall authorize him to appear in all courts of record in this state, and there to practice in that capacity during his good behaviour. It further provides that he shall take and subscribe an oath or affirmation that he will support the constitution of the United

States and of the state of Colorado, and that he will faith-fully execute the duties of an attorney and counselor at law according to the best of his understanding and abilities. It also provides that no person, with certain exceptions not involved in this case, shall be entitled to receive a license to practice as an attorney until the supreme court is satisfied by an examination, either in open court or by members of the bar to be designated by the court, that the applicant is of good moral character and possesses the requisite education and knowledge of the law to justify his admission to the bar. By virtue of these provisions this court has adopted rules providing for a committee of law examiners, the period which applicants must have studied, either in the office of a practicing attorney or attendance at a law school approved by the committee, and other general educational qualifications of applicants for admission to the bar; that they must be of good moral character, and that such applicants must pass an approved examination by the committee, and satisfy the committee that their moral character is good, before they will be admitted to practice law in this state.

These rules are in effect an order of this court that no person shall practice law in this state except upon a compliance with such rules and the laws governing the admission of attorneys, the main purpose of which is to protect the public from being damaged through entrusting their legal business to incompetent and improper persons claiming to be licensed attorneys, who in fact are not. Any person engaging in the practice of the law in this state is bound to take notice of this order and if he violates it by failure to comply with the prescribed requirements which must be complied with before he is entitled to hold himself out to the public as licensed to engage in the general practice of the law he is guilty of contempt, the same as any other person violating an order of court of which he is bound to take notice.

The motion for judgment on the pleadings is sustained and respondent adjudged guilty of contempt. It is further ordered that he be fined in the sum of one hundred dollars ($100.00) and that he stand committed until such fine is paid.

*Motion for judgment on pleadings sustained.*

Decision *en banc.*