## CONSTRUCTION OF THE WORD "BORROWER" IN THE LICENSED LOAN OFFICE ACT.

Common Pleas Court of Cuyahoga County.

FENN & FRENCH, CORRAN & FRENCH AND F. W. HENDERSON v. STATE OF OHIO; THREE CASES.*

Decided, March 20, 1915.

*Licensed Loan Offices—May Make Loans Other than on Chattels or Assignment of Wages—Without Filling Out the Card Provided in the Licensed Loan Office Act—Construction of the Word "Borrower"— Section 6346-3.*

A loan office, doing business under the act to regulate and license the loaning of money upon chattles or personal property or salaries or wage earnings, is required to give the borrower a card containing detailed information with reference to the loan as provided in Section 6346-3, only in case the borrower is one who is obtaining a loan upon chattel property or by assignment of salary or wage earnings. Where the loan is upon real estate mortgage, or on a promissory note, or in any other form than on chattel property or by the assignment of wage earnings or salary, the said section has no application.

*F. W. Poulson,* for plaintiffs in error.
*Austin & Kirkbride,* contra.

LIEGHLEY, J.

Plaintiffs in error were arrested in the municipal court of Cleveland, Ohio, upon affidavits filed under Section 6346-3, General Code, which affidavits were all in substantially the same form. The following is the form of affidavit filed in case No. 6446:

"Before me, V. A. Holden, deputy clerk of the municipal court of Cleveland, personally came Herman Strunk, who being duly sworn according to law deposeth and saith, that on or about the 7th day of November, A. D. 1914, at the city of Cleveland, in said county of Cuyahoga, one George S. Fenn,

---

*Affirmed by the Court of Appeals July 1, 1915, without report.

being then and there licensed by the state of Ohio, to engage in the business of making loans upon salaries and wage earnings, and one H. E. French did make a loan to one Herman Strunk, and that the said George S. Fenn and the said H. E. French did unlawfully fail and neglect to give to said borrower a card upon which was written in ink, typewritten or printed, the name of the person, firm or corporation making said loan, the name of said borrower, the amount of said loan, the amount of interest charged, the amount of expense charged exclusive of interest, the time for which said charge was made, the date when said loan was made, and the date when payable, and further, deponent says not, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Ohio.

"(Sgd.)     HERMAN STRUNK."

Inasmuch as a disposition of case No. 6446 by this opinion will dispose of the other two cases, in view of the fact that the questions considered are the same in each case, this opinion will be confined to case No. 6446, *Fenn & French* v. *State of Ohio*.

The defendants were tried and convicted below upon the following agreed statements of fact:

"1.    That H. E. French was on the seventh day of November, 1914, licensed under the laws of the state of Ohio to engage in the business of making loans upon salaries and wage earnings.

"2.    That one H. E. French was then and there the employee of George S. Fenn in the conduct of said business, and for the purpose of the said George S. Fenn making loans for the said H. E. French.

"3.    That one George S. Fenn, acting for said H. E. French, made a loan to one Herman Strunk on the seventh day of November, A. D. 1914.

"4.    That said George S. Fenn, acting for the said H. E. French, took from the said Herman Strunk a promissory note and tracer hereto attached.

"5.    That neither the said George S. Fenn or the said H. E. French, on the said date, or at any time thereafter, delivered to the said Herman Strunk a card or papers of any kind upon which was written in ink, typewritten or printed, the name of the person, firm or corporation making said loan, the name of said borrower, the amount of said loan, the amount

of expense charged, exclusive of interest, the name for which said charge was made, the date when said loan was made and the date when payable.

"F. W. Poulson,
"C. T. Austin, *Atty.*"

The following are some of the authorities cited by counsel: *State* v. *Hipp*, 38 O. S., 199; *Cain* v. *Peoples Salary Loan Co.*, 15 C.C.(N.S.), 172 (34 O. C. C., 115); *Thuma* v. *State*, 15 N.P. (N.S.), 625; *Sanning* v. *Cincinnati*, 81 O. S., 142; *French* v. *Toledo*, 81 O. S., 161; *State* v. *Phillips*, 85 O. S., 317-23; *State* v. *Rouch*, 47 O. S., 478-85; *Hirn* v. *State*, 1 O. S., 15; *Miller* v. *Crawford*, 70 O. S., 207; *Williams* v. *Donough*, 65 O. S., 499; *Cleveland* v. *Clements Bros. Const. Co.*, 67 O. S., 197; *Ex parte W. C. Woods*, 16 L. R. A. (N. S.), 450; *Oregon* v. *Wright*, 21 L. R. A. (N. S.), 349; *Wright* v. *Hart*, 2 L. R. A. (N. S.), 338.

It is conceded that the loan made by the plaintiff in error to Herman Strunk was upon a promissory note, with a so-called "tracer" attached, containing information in respect to the borrower.

It is claimed by the plaintiffs in error,

*First,* that the word "borrower," used in Subdivision 3, is limited to loans upon chattels or personal property and loans upon salary assignment provided for in Subdivision 1 of said act.

*Second,* That if the word "borrower" is construed to include loans upon promissory notes or otherwise than loans secured by chattel mortgage or salary assignment, that said act is unconstitutional.

It is argued by counsel for the state, that inasmuch as the license granted by the state under this act creates a right in the plaintiffs in error to do certain things which otherwise would be unlawful in respect to interest and charges, that thereby there is imposed upon them certain duties, which duties must be strictly performed and complied with. That inasmuch as they are engaged in the loan business under this act, all loans made by the plaintiffs in error must be in accordance

with the provisions of this act, whether a chattel mortgage is executed or salary is assigned, or upon promissory notes, or otherwise. Analogously, it was argued by counsel for the state that the situation in this case is similar to a situation wherein a saloon license is granted: that the licensed saloon keeper is obliged to obey the Sunday closing laws and obliged to heed the laws against sales of liquor to minors, etc.

The contention of the state that the case at bar is analogous to a case of saloon license is not convincing. The license and various laws on the statute books regulate not only the place but the business of the saloon-keeper. This act and one relating to usury constitute all the legislation relating to this subject, and does neither regulate the place nor the business of the licensed loan agent, except as provided in Section 1 of said act.

Penal statutes must be strictly construed. And general words following particular and specific words must ordinarily be confined to things of the same kind as those specified. *Schultz v. Cambridge,* 38 O. S., 663.

In gathering the meaning of an act of legislation, the whole act must be taken together to ascertain the intent, and the title to an act may be considered to explain its object and solve what is doubtful, but will not limit its scope if intended otherwise. *State ex rel* v. *Kinney,* 11 O. C. D., 261-5; *Terrell* v. *Anchauer,* 14 O. S., 80.

"In giving construction to a statute, all its provisions must be considered together. We must endeavor to get at the legislative intent by a consideration of all that has been said in the law, and not content ourselves with partial views, by selecting isolated passages, and holding them alone up to criticism." *State* v. *Rouch,* 47 O. S., 478-85.

Suppose we examine and compare the sections of said act.

Section 6346-1 provides:

"No person, firm or corporation  *  *  *  shall engage or continue in the business of *making loans upon chattels or personal property*  *  *  *  or of purchasing or making *loans upon salaries or wage earnings.*"  *  *  *

Section 6346-2 provides:

"Applications for license to conduct *such* business must be made in writing to the Secretary of State, and shall contain * * * the kind of business which is to be conducted, whether *chattel mortgage* or *salary loan.*" * * *

Section 6346-3 provides:

"Every person, firm or corporation *licensed as herein provided* shall give to each *assignor* or *borrower* a card upon which shall be written * * * the name of the person * * * making *such* loan or purchase, the name of the assignor or borrower." * * *

Section 6346-4 provides:

"No such person, firm or corporation *so* licensed shall receive any *assignment of salary or wages* signed in blank, but all blank spaces shall be filled * * * showing the name of the firm, person or corporation by whom the person making the *conveyance* or *assignment* is employed. If the borrower is married, the *contract, conveyance* or *assignment* shall be void unless it also contains the name of husband or wife, as the case may be, of the borrower."

Section 6346-5 provides:

"No such person, firm or corporation shall make a *loan upon chattels or personal property* of any kind whatsoever, or purchase *a salary or a wage earning* of another * * *. In case any *loan or contract of any kind provided for in the preceding sections* is not paid when due." * * *

Section 6346-6 provides:

"Any person, firm or corporation * * * violating any provision of this act, or that carries on the business of making loans upon chattels or personal property of any kind whatsoever, or of purchasing or of making loans upon salaries or wage earnings." * * *

It will be observed that in all sections of this act reference is made only to loans upon chattels and upon salary or wage assignment; that in all the sections two kinds of loans are specifically mentioned, except in Section 3, where the general terms of "as-

signor or borrower'' are used. It is contended by the state that the use of the word ''borrower'' in Section 3 shows an intendment on the part of the Legislature that all loans made by one licensed to engage in the loan business under this act must be made in conformity with the provisions of this act; that for the reason that the plaintiffs in error here are licensed under this act, and that they made the loan involved in this action upon a simple promissory note, they are criminally liable for the reason that they failed to comply with all the details required by Section 3 of said act.

The single question for determination is whether, in construing Subdivision 3, the meaning of the word ''borrower'' is limited to loans upon chattels and loans upon salary or wage assignments. Or, was it intended by the Legislature, by Subdivision 3, in the use of the word ''borrower,'' that the same should refer to all loans made by a person, firm or corporation licensed under this enactment.

''If the title to a statute be a restrictive one, carving out for consideration a part only of a general subject, legislation under such title must be confined within the same subject.'' 93 Minn., 210; 120 Am. St. Rep., 191.

- Any means reasonably adapted to secure the object indicated in the title may be included within the body of the act, and if by any fair intendment the provisions in the body have a necessary or proper connection with the title, such provisions are not objectionable. 250 Ill., 345.

In the case of a city ordinance drawn in terms similar to this act passed by the city of Toledo, Ohio, with the objects and purposes of said ordinance apparently the same as this statute, said ordinance, upon review by the Supreme Court of Ohio, received a strict construction in conformity with the authorities above cited. *French* v. *Toledo*, 81 O. S., 161.

''An act to levy an annual license tax upon all persons engaged in the business of lending money on or purchasing time, wages or salaries of wage-earners and providing that the license of each money broker, money lender or person lending

money on or purchasing time, wages or salary of laborers which are graded according to the actual capital in use in the business, imposes a license on those who purchase time or lend money on wages and salary; and on making loans to wage and salary owners on the moral security of their salaries and wages without assignment of salary and wages is not within the act." *State* v. *Cotton,* 128 La., 750.

Additional authorities in accord herewith may be found in Vol. 18, American Digest, Dec. Ed.—Statutes, Sec. 109.

This borrower is in the same position as if he had borrowed from one not licensed by the state. If usury intervenes, his remedy is provided the same as in all other cases. The loan agent has no greater weapon in his hand than any other holder of a promissory note.

In accordance with the decisions above cited, and after a careful comparison of the various sections of this act, we have arrived at the conclusion that the word "borrower," as used in Section 3, is limited to loans upon chattels and assignments of wages or salary; that the fact that a person, firm or corporation is conducting a loan office under a license from the state under this act, does not preclude loaning upon real estate mortgage or promissory note or in any other way than upon chattel mortgage or salary assignment as provided in Section 1 of said act without complying with details provided by Section 3 of said act. Section 1 limits the scope of said enactment.

We are therefore of the opinion that the judgment of the lower court was erroneous, and the same is reversed at the costs of the defendant in error.