[No. 18720. Department Two. January 15, 1925.]

THE STATE OF WASHINGTON, *Appellant,* v.
CHARLES M. CHAMBERLAIN, *Respondent.*[1]

APPEAL (173)—REQUISITES—TIME FOR TAKING. Upon the sustaining of a demurrer to the information, the time for taking an appeal does not begin to run until the accused's motion to dismiss the prosecution was granted and the cause dismissed.

ATTORNEY AND CLIENT (5-1)—OFFENSES—PRACTICING LAW WITHOUT LICENSE. An information for the misdemeanor of practicing law without the license required by Rem. Comp. Stat., § 139-4, is sufficient where it charges, practically in the language of the statute, that the accused, between certain dates, wilfully represented himself to be, and practiced as an attorney and counsellor at law, and did work of a legal nature for compensation.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered September 4, 1923, upon sustaining a demurrer to the information, dismissing a prosecution for a misdemeanor. Reversed.

*Chas. H. Leavy* and *Louis F. Bunge,* for appellant.

*E. R. Lindsey* and *Harris Baldwin,* for respondent.

[1]Reported in 232 Pac. 337.

HOLCOMB, J.—The state appeals from orders sustaining a demurrer to the information, setting aside the information, dismissing the prosecution, exonerating the bail, and discharging the defendant.

The transcript shows that the demurrer to the information was sustained on September 4, 1923. Thereafter no action was taken by either party until on December 26, 1923, respondent moved for a dismissal of the prosecution for the reason that it had not been brought to trial within sixty days from the time of the filing of the information. On January 5, 1924, that motion was sustained and the case dismissed, defendant discharged and bail exonerated. Thereafter, on January 8, 1924, appellant gave notice of appeal from the orders.

Respondent moves in the brief for the dismissal of the appeal on the ground that the appeal was not taken in time, asserting that it should have been taken within ninety days after September 4, 1923.

The motion to dismiss is not well taken. The state could not well have voluntarily moved to set aside the information, after the demurrer to it had been sustained, and dismiss the prosecution, without waiving its right to maintain the sufficiency of the information. The final order dismissing the information and prosecution was not made until January 5, 1924, and the appeal was taken by the state within three days thereafter. The motion is therefore denied.

The information charged a gross misdemeanor, in the following language:

"That the said defendant, Charles M. Chamberlain, in Spokane county, Washington, between the first day of July, 1922, and the 28th day of June, 1923, then and there being, and then and there not being admitted to practice law in the state of Washington, did then and there willfully and unlawfully represent himself

as, and practice as an attorney and counsellor at law, and did then and there do work of a legal nature for a compensation."

The grounds of the demurrer were:

"1.    That it does not substantially conform to the requirements of the statute, Rem. Comp. Stat., § 2065.

"2.    That more than one crime is charged.

"3.    That the facts charged do not constitute a crime.

"4.    That the information contains matter which if true would constitute a defense and legal bar to the action.

"5.    That Sec. 4, ch. 126 of the Laws of Washington, 1921 contravenes section 1 of the 14th Amendment to the Constitution of the United States, in that it abridges the privileges and immunities of citizens of the United States."

The question of the constitutionality of § 4, ch. 126, Laws of 1921, p. 409, is not argued here, and we shall not notice it.

The section under which respondent is prosecuted is that same section, which reads:

"No person shall be permitted to practice as an attorney or counselor at law or to do work of a legal nature for compensation, or to represent himself as an attorney or counselor at law or qualified to do work of a legal nature, unless he is a citizen of the United States and a bona fide resident of this state and has been admitted to practice law in this state: Provided, that any person may appear and conduct his own case in any action or proceeding brought by or against him, or may appear in his own behalf in the small claims department of the justice's court; and provided further, that an attorney of another state may appear as counselor in a court of this state without admission, upon satisfying the court that his state grants the same right to attorneys of this state." Rem. Comp. Stat., § 139-4.

Section 22, ch. 126, p. 418, *supra,* provides that any violation of the act, or of any rule prescribed under it,

is a gross misdemeanor. Rem. Comp. Stat., § 139-22.

The provisions of § 2065, Rem. Comp. Stat. [P. C. § 9281], specified in the demurrer to the information, which can be the only ones applicable, are subdivisions 6 and 7. Subdivision 6 provides:

"That the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

Subdivision 7 is:

"[That] the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case."

Respondent also quotes the provisions of § 2057, and § 2055, Rem. Comp. Stat. [P. C. §§ 9270, 9268], to the effect that the information must be direct and certain as it regards the particular circumstances of the crime charged, when they are necessary to constitute a complete crime, and must contain a statement of the acts constituting the offense in ordinary and concise language, without repetition, in such manner as to enable a person of common understanding to know what is intended.

And also § 2059, Rem. Comp. Stat. [P. C. § 9272], to the effect that the indictment or information must charge but one crime, and in one form only, except where the crime may be committed by use of different means, the information may allege the means in the alternative.

Respondent urges that the scope of the statute under which the information was drawn is so vast that it is not rash to say that it includes anything and everything that one may do either as an attorney or counsellor at law.

The above statement is probably correct, and it is

exactly what the statute was intended to do. It is also suggested that the statute does not contain any definition of "practicing law."

While we lack an authoritative definition of practicing law, we may say here that, so far as this jurisdiction is concerned, it means doing or practicing that which an attorney or counsellor at law is authorized to do and practice. The statute, § 118, Rem. Comp. Stat. [P. C. § 176], defines an attorney as a person duly admitted to practice law, and authorized to appear in written proceedings in any action or proceeding in any stage thereof. An attorney, other than the one who represents a party in the original proceeding, who appears for and represents him in court, or before a judicial officer in a particular action or proceeding, is defined as counsel only, and his authority is limited, etc.

An attorney and counsellor at law must be qualified according to, and admitted to practice under, the provisions of §§ 118 to 139-23, Rem. Comp. Stat. [P. C. § 176 *et seq.*], and must have taken the statutory oath as an attorney and counsellor at law.

From the provisions of § 4, ch. 126, *supra,* it is manifest that practicing law need not be confined to a single act prohibited as such, but may be a continuing practice extending over a period of time. Hence, as was charged in the information, respondent is alleged to have practiced law between the first day of July, 1922, and the 28th day of June, 1923; and it is also charged that, within that time, he willfully and unlawfully represented himself to be, and practiced as an attorney and counsellor at law, and did work of a legal nature for compensation. The information exactly follows the language of the statute. To do so, with some exceptions because of the nature of the offense, follows our and the general rule in code states. Nothing more is re-

quired. Every act included within the charges of this information could be shown as showing that appellant had been practicing law at any one time, or at all times, within the time alleged, or had been representing himself as an attorney or counsellor at law, and brings the information within the provisions of the statutes cited by respondent and quoted herein. Every act within the time alleged, under such general allegations, after a conviction or acquittal, would bar any subsequent prosecution alleging any such violation of the law occurring within or before that time. Hence, respondent would not be unprotected from future prosecutions for some acts within the same time, as suggested by respondent.

The supreme court of Illinois, in *People v. Schreider,* 250 Ill. 345, 95 N. E. 189, in a similar prosecution, said:

"It is next contended that the court erred in overruling the motion to quash. The information charged, in each count, the offense substantially in the language of the statute. It does not charge a common law offense, and where the offense is statutory it is sufficient to allege it in the words of the statute, provided it sufficiently defines the crime. [Citing cases.] The information was, therefore, sufficient."

See, also, *Commonwealth v. Grant,* 201 Mass. 458, 87 N. E. 895; *People ex rel. Colorado Bar Association v. Taylor,* 56 Colo. 441, 138 Pac. 762.

We are well satisfied that the information sufficiently charged a crime under the section defining it, charged but one crime in the language of the statute, and the demurrer should have been overruled.

The judgment is therefore reversed, and the cause remanded with instructions to overrule the demurrer, reinstate the information and prosecution, and for further proceedings.

Main, Mackintosh, Fullerton, and Mitchell, JJ., concur.