[No. 19975.  Department Two.  January 7, 1927.]

THE STATE OF WASHINGTON, *Appellant*, v.
· E. S. PETTETT, *Respondent*.[1]

[1] INDICTMENT AND·INFORMATION (60)—THREATS (1)—BLACKMAIL
—AVERMENT IN LANGUAGE OF STATUTE—SUFFICIENCY.  An .in-
formation for extortion in threatening "to expose or impute to"
the prosecuting witness "a disgrace" in the language of Rem.
Comp. Stat., § 2613, is demurrable where there is nothing to
apprise the accused with reasonable certainty of the nature of
the threat or extortion that would be a' bar to a subsequent
prosecution on some other threat or extortion.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered April 2, 1926, dis-
missing a prosecution for attempted blackmail.  Af-
firmed.

*Chas. H. Leavy* and *Louis F. Bunge*, for appellant.
*F. M. O'Leary* and *W. W. Zent*, for respondent.

TOLMAN, C. J.—Respondent was informed against
under Rem. Comp. Stat., § 2613 [P. C. § 8826], which
provides:

"Every person who, with intent thereby to extort or
gain any money or other property or to compel or in-
duce another to make, subscribe, execute, alter or de-
stroy any valuable security or instrument or writing
affecting or intending to affect any cause of action or
defense, or any property, or to influence the action of
any public officer, or to do or abet or procure any il-
legal or wrongful act, shall threaten directly or in-
directly—  . . .

"(4.)   To expose or impute to any person any de-
formity or disgrace;  . . .

"Shall be punished by imprisonment in the state
penitentiary for not more than five years or by impris-
onment in the county jail for not more than one year,

[1]Reported in· 252 Pac. 104.

or by a fine of not more than one thousand dollars, or by both fine and imprisonment'';

the charging part of the information being—

"That the said defendant, E. S. Pettett, in Spokane county, state of Washington, on or about the 8th day of March, 1926, then and there being, did then and there wilfully, unlawfully and feloniously, with intent thereby to extort and gain money and other property, threaten to directly expose and impute to D. E. Brendlinger a disgrace.''

To this information a demurrer was interposed, which was sustained by the trial court. A judgment of dismissal followed, from which the state appeals.

The attitude of the state seems to be that the gravamen of the offense is the attempt to extort money or other property, and that therefore the offense is defined by the statute, and the information in the language of the statute is sufficient; citing *State v. Randall,* 107 Wash. 695, 182 Pac. 575, and *State v. Chamberlain,* 132 Wash. 520, 232 Pac. 337.

The gist of the first case cited is—

"It is undoubtedly the rule in this jurisdiction that it is sufficient, in charging a crime, to follow the language of the statute, where such crime is there defined and the language used is sufficient to apprise the accused, with reasonable certainty, of the nature of the accusation, so that he may be able to avail himself of his acquittal or conviction as a protection against further prosecutions for the same offense.''

And the latter part of the language quoted clearly differentiates it from the case now under consideration.

The *Chamberlain* case involved the charge of practicing as an attorney and counselor at law without having been admitted to practice. The court there said—

"From the provisions of Section 4, Chapter 126, *supra,* it is manifest that practicing law need not be

confined to a single act prohibited as such, but may be a continuing practice extending over a period of time. Hence, as was charged in the information, respondent is alleged to have practiced law between the first day of July, 1922, and the 28th day of June, 1923; and it is also charged that, within that time, he wilfully and unlawfully represented himself to be, and practiced as an attorney and counsellor at law, and did work of a legal nature for compensation. The information exactly follows the language of the statute. To do so, with some exceptions because of the nature of the offense, follows our and the general rule in code states. Nothing more is required. Every act included within the charges of this information could be shown as showing that appellant had been practicing law at any one time, or at all times, within the time alleged, or had been representing himself as an attorney or counsellor at law, and brings the information within the provisions of the statutes cited by respondent and quoted herein. Every act within the time alleged, under such general allegations, after a conviction or acquittal, would bar any subsequent prosecution alleging any such violation of the law occurring within or before that time. Hence, respondent would not be unprotected from future prosecutions for some acts within the same time, as suggested by respondent.''

Manifestly we have here a very different question. The state might, under this information, prove a threat to expose any one of innumerable things thought to impute disgrace, but would a judgment be a bar to a subsequent prosecution based upon some one other of such innumerable things? We fear not. The trial court very succinctly disposed of the matter as follows:

''As I view it, this demurrer must be sustained. This is entirely unlike the *Chamberlain* case and the *Randall* case. 'Practicing law' is a definite occupation readily understood by all, and no one shall misunderstand what is meant by the charge of 'driving an automobile at a greater rate of speed,' etc., as in the *Randall* case. The *Randall* case states the rule governing

this question in the following language: 'it is sufficient, in charging a crime, to follow the language of the statute, *where such crime is defined and the language used is sufficient to apprise the accused, with reasonable certainty, of the nature of the accusation'* etc. In the present case, the language of the information is 'did . . . threaten . . . to . . . expose and impute to D. E. B. a disgrace.' What is a disgrace? Is it a certain, definite, well understood act which is immediately suggested by the word? Or has it a wide range of meaning, running through the whole gamut of human emotions? Surely it is the latter and not the former. Then, too, what might be deemed a disgrace by one of a sensitive nature might be of no consequence whatever to another. The statute nowhere defines it and the information certainly does not apprise the accused with what he threatened to expose or impute to D. E. B. This it seems to me, should be shown by the information.''

We have examined the authorities from other jurisdictions which have been cited to us, but find none which we regard as decisive under our statute. While the gravamen of the offense may be the extorting or gaining of money, yet money may be gained lawfully, and to completely charge the offense it must be made to appear that the money is to be extorted or gained by some unlawful act, and the unlawful act, not being clearly defined by the statute, must be charged in language sufficient to apprise the accused with reasonable certainty of the nature of the accusation which he is called upon to meet. We have gone far in upholding informations in the language of the statute, but are convinced that it would be unreasonable and unfair to uphold this information and compel the person charged to accept so great a hazard.

The judgment is affirmed.

BRIDGES, ASKREN, MACKINTOSH, and MAIN, JJ., concur.