[No. 11886.   Department One.   July 9, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. PETE MULLER, *Appellant*.[1]

EVIDENCE—JUDICIAL NOTICE.   The courts will take judicial notice of the fact that in large and populous counties there are many units within the local option law.

INTOXICATING LIQUORS—LOCAL OPTION LAW—VIOLATION—INFORMATION—SUFFICIENCY—CERTAINTY — STATUTES — CONSTRUCTION.   Under Rem. & Bal. Code, § 6309, providing that it shall be unlawful to bring intoxicating liquor into any unit in which the sale is prohibited, and § 6310 prescribing the requisites for indictments and informations, dispensing with particular statements in various particulars, such as descriptions of the place and names of the persons to whom sales are made, an information for bringing liquor into a dry unit in a certain county is insufficient where it fails to allege in which one of several dry units the offense was committed, in view of Const., art. 1, § 22, giving the accused the right to demand the nature and cause of the accusation, and in view of the clause in § 6310, referring to "the unit where the violation is alleged to have occurred."

SAME.   In such a case, it is immaterial and unnecessary to state from what place the liquor was brought into the dry unit.

SAME—INFORMATION— GUILTY KNOWLEDGE.   An information charging that defendant unlawfully and wilfully brought liquor into a dry unit, sufficiently alleges guilty knowledge and evil intent.

SAME—INSTRUCTIONS—ELEMENTS OF OFFENSE.   Under the local option law making knowledge an essential element of the offense of bringing liquor into a dry unit, it is error to refuse to instruct the jury that guilty knowledge on the part of the accused was one of the elements of the offense, to be proved beyond a reasonable doubt, to warrant a conviction.

Appeal from a judgment of the superior court for Island county, Ralston, J., entered November 24, 1913, upon a trial and conviction of violating the local option law.   Reversed.

*James Zylstra*, for appellant.

*D. W. Craddock*, for respondent.

[1]Reported in 141 Pac. 910.

ELLIS, J.—The defendant was arrested upon an informa-
tion charging:

"That on or about the third day of July, 1913, in the
county of Island, State of Washington, the said defendant,
Pete Muller, then and there being, did then and there unlaw-
fully and wilfully bring into a unit of Island County, State
of Washington, within which the sale of intoxicating liquor
was then and there unlawful and prohibited by law, intoxi-
cating liquor, to wit: more than one gallon of spirituous
liquor, contrary to the statute in such case made and pro-
vided and against the peace and dignity of the state of
Washington."

To this information, the defendant demurred. The de-
murrer was overruled. The defendant pleaded not guilty,
was tried, and, by the jury, found guilty as charged. He
thereupon moved for a new trial, which was denied. A mo-
tion in arrest of judgment was then interposed. This also
was overruled. Judgment was entered upon the verdict, and
the defendant was sentenced to pay a fine of $100 and costs.
He prosecutes this appeal.

We shall not notice the particular grounds of the demur-
rer and the motions for a new trial and in arrest of judg-
ment, nor the many assignments of error, further than to
say that they are sufficient to present three contentions, to
which the appellant mainly confines his argument, and a con-
sideration of which must be decisive of the case. They are
as follows: (1) That the information does not substantial-
ly conform to the requirements of the law; (2) that the
facts charged do not constitute a crime; (3) that the court
committed prejudicial error in his instructions to the jury.

I. It is contended that the information does not substan-
tially conform to the legal requirement of certainty, in that
it fails to name the particular unit into which the liquor, if
any, was brought. The information was drawn under Rem.
& Bal. Code, § 6309 (P. C. 267 § 63), defining the crime,
and § 6310 (P. C. 267 § 65) prescribing the requisites of
the information or indictment. Section 6309 so far as here

material, in substance, provides that it shall be unlawful for any person to bring any intoxicating liquor into "any unit in which the sale of intoxicating liquor is forbidden under the provisions of this chapter" (Chap. 81, Laws of 1909, p. 153), and that "Whoever shall  .  .  .  knowingly violate any of the provisions of this section shall, upon conviction thereof, be fined," etc.  These provisions are followed by certain provisos not here involved.  It will be noted that the information practically follows the language of the statute. It is charged that the appellant brought intoxicating liquor into "a unit of Island county" in which the sale of such liquor was then and there unlawful and prohibited by law. No particular unit is specified.  The evidence shows that, within the contemplation of the local option law, there are three units in Island county (Rem. & Bal. Code, § 6292; P. C. 267 § 29), and that two of these units were, on July 3, 1913, "dry" units.  We take judicial notice of the fact that, in the larger and more populous counties of the state, there are many units.  But for the next section (§ 6310), prescribing the requisites of the information or indictment, there could be no question that this information would be insufficient.  The statute defines the crime by the use of the generic term "a unit."  In such a case, an information using the same generic terms of the statutory definition is insufficient, as stating a conclusion.  It must be more specific than the statute and state such particulars as will bring the act of the person charged within the generic terms, and notify him of the specific act charged.  Our constitution, art. 1, § 22, declares:

"In criminal prosecutions, the accused shall have the right  .  .  .  to demand the nature and cause of the accusation against him  .  .  ."

In *United States v. Cruikshank*, 92 U. S. 542, 557, 558, a leading case upon this subject, the supreme court of the United States, touching the similar provision in the Federal constitution, said:

"In criminal cases, prosecuted under the laws of the United States, the accused has the constitutional right 'to be informed of the nature and cause of the accusation.' Amend. VI. In *United States v. Mills*, 7 Pet. 142, this was construed to mean, that the indictment must set forth the offence 'with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged;' and in *United States v. Cook*, 17 Wall. 174, that 'every ingredient of which the offence is composed must be accurately and clearly alleged.' It is an elementary principle of criminal pleading, that where the difinition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species—it must descend to particulars.' 1 Arch. Cr. Pr. & Pl. 291. The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defence, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances."

It seems clear, therefore, that our constitutional provision, which is couched in almost the same terms as the similar provision of the constitution of the United States, requires that the information in this case, notwithstanding the general terms of the statute, should state the particular unit into which it is intended to charge the appellant with having brought intoxicating liquor. The state, however, contends that this particularity of allegation is wholly dispensed with by Rem. & Bal. Code, § 6310 (P. C. 267 § 65) prescribing the essentials of the indictment or information. That section reads as follows:

"Prosecutions for violations of this chapter may be by information or indictment. In any such prosecution it shall not be necessary to state the kind of intoxicating liquor sold,

nor to describe the place where sold, nor to show the knowledge of the principal in order to convict for the acts of any agent or servant, nor to state the name of any person to whom such liquor is sold, nor to set forth the evidence showing that the required number of qualified electors petitioned for the submission to the electors of the question whether intoxicating liquor should be sold *in the unit where the violation is alleged to have occurred*, nor that a majority of the qualified electors voted against the sale of liquor within such unit, but in all cases it shall be sufficient to state that the act complained of was committed in a unit in which the sale of intoxicating liquor was prohibited, and that such act was then and there prohibited and unlawful."

In construing this section, it is, of course, our duty to so construe it as to make it constitutional if its words are capable of such a construction. We think they are. It is a general rule of criminal procedure that indictments for the illegal sale of intoxicating liquors must be drawn with such a degree of legal certainty as to identify the particular transaction complained of, in order that the court may be able to judge whether the facts alleged are sufficient in law to enable the accused to know exactly what charge he is called upon to meet and to enable him to plead a judgment in bar of another prosecution for the same offense. 23 Cyc. 216; Wharton, Criminal Pleading & Practice (9th ed.), § 166. In enacting the above quoted section, the legislature will not be presumed to have intended an unnecessarily radical departure from well established rules of criminal procedure, Where the language used is capable of a construction authorizing a less radical departure, and still such a departure as meets the reasonable necessities of the subject-matter, that construction will be adopted. In other words, where the statute authorizes any departure from such well established rules, it will be construed as authorizing only such departure as is necessary to meet such necessities if the language used is capable of the narrower construction.

An analysis of the above quoted section will show that its

language is capable of the narrower construction and that
it will still meet the reasonable purposes of the section. It
was clearly intended to dispense with the necessity for al-
leging in the information the kind of intoxicants, the par-
ticular place—that is, the premises where the intoxicants
were sold, knowledge of the principal of the acts of his agent,
or a compliance with all of the formalities necessary to ren-
der the local option law operative in the given unit. It was
not intended to dispense with the necessity of designating
that unit with such reasonable certainty as to enable the
person charged to know the exact offense with which he was
charged. That some definite unit was intended to be par-
ticularly designated in the information is shown by the lan-
guage which we have italicized in our quotation. The final
clause of this section must be construed with reference to the
part which precedes it. The use of the indefinite generic
words, "a unit" therein, should not be construed as doing
away with the clear implication that the particular unit
should be designated, found in the clause dispensing with
the allegation of petition and submission of the question of
local option to the electors "in the unit where the violation
is alleged to have occurred." Since any other construction
of this section would render it of doubtful constitutionality
and would clearly run counter to the general rules of criminal
pleading, we hold that § 6310 does not dispense with the
necessity for designating in the information the par-
ticular unit into which it is intended to be charged that the
person accused brought the intoxicating liquor.

We have been cited to no decision in this state, and have
found only one which lends even colorable support to the
contrary view. In *State v. Krug*, 12 Wash. 288, 41 Pac.
126, the statute defining the crime of embezzlement of public
funds by an officer, Rem. & Bal. Code, § 2812, defined the
crime in general terms. Section 2813, prescribing the alle-
gations and proofs necessary, authorized a designation of
the crime in the general terms of the defining statute "with-

out specifying any further particulars in regard thereto." The indictment charged the crime in the broad language of the defining statute. This court held the indictment sufficient, for the reason that, because of the peculiar nature of the crime, it would be a practical impossibility to allege with certainty the exact acts and processes whereby the crime was committed. It is therefore said:

"The legislature, doubtless recognizing the fact that it is exceedingly difficult to convict for embezzlement in cases of this kind where the ordinary rules of criminal practice obtain, sought, in the interest of justice, and at the same time without depriving the defendant of any material right, to formulate a statute which would render easy the administration of justice, and under which the real facts in the case could be ascertained. This provision of the law may well be sustained, at least so far as its application goes to officers who, under the law guiding and directing their duties, have sufficient notice furnished them by an indictment drawn under this statute."

This language clearly shows that the court regarded the statute as necessary to the practical administration of justice in such embezzlement cases, and sustained the indictment accordingly. It is only where such necessity exists that such a statute should be held constitutional or such an indictment sustained. In the case here, no such necessity is found, and the statute itself is capable of the construction requiring the more particular allegation. These considerations, we think, make a clear distinction between this case and the *Krug* case, and render the decision in that case inapplicable to the statute here involved.

We find no merit in the claim that the information was void for uncertainty for the further reason that it did not state the place from which the liquor was brought into the prohibited territory. The particular unit into which it was brought was the material thing. Where it came from was immaterial.

II. It is urged that the information does not charge the

commission of a crime, within the purview of the statute, in that it does not allege guilty knowledge on the appellant's part. The information does, however, charge that he did "unlawfully and wilfully" bring into the unit, etc. These words are sufficient to charge guilty knowledge and evil intent. He could not unlawfully and wilfully do the act without knowing the character and quantity of the liquor and where he was taking it. To allege the one necessarily implies the other and negatives every exculpatory motive. *State v. Zenner*, 35 Wash. 249, 77 Pac. 191; *State v. Barker*, 43 Wash. 69, 86 Pac. 387.

III. The statute defining the crime makes knowledge on the part of the offender an essential element of the offense. This element was sufficiently charged in the information, but was nowhere sufficiently covered by the instructions. A specific instruction, designating and requiring the jury to find every other statutory element of the offense, beyond a reasonable doubt, in order to a conviction, was given. The elimination of the element of knowledge could hardly fail to convey the impression that knowledge or lack of knowledge was immaterial. We cannot assume that a later general instruction to the effect that the burden was on the state to prove by competent evidence, beyond a reasonable doubt, every material fact, as set forth in the information, was calculated to remove this impression or had such an effect. A specific instruction covering this point was requested and refused. This was prejudicial error. 2 Thompson, Trials, § 2328; *Goldsberry v. State*, 66 Neb. 312, 92 N. W. 906.

The information should have designated the unit into which it was intended to charge that the liquor was brought. The instructions should have included guilty knowledge as an essential element of the offense.

The judgment is reversed.

CROW, C. J., MAIN, GOSE, and MORRIS, JJ., concur.