[No. 12016. Department Two. March 19, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. M. M. DODD, *Appellant*.[1]

PROSTITUTION—INFORMATION—SUFFICIENCY. Under Rem. & Bal. Code, § 2240, subd. 1, making it a felony to place a female in the charge or custody of another person for immoral purposes, or in a house of prostitution . . . etc., an information charging the accused with placing his wife in charge of another for immoral purposes, to wit, in the charge of S., although following the language of the statute, is insufficient, since the statute is couched in general terms, capable of being applied to a variety of acts, making it necessary to charge the act or acts relied upon falling within the general terms of the statute.

SAME. For the same reason, under Rem. & Bal. Code, § 2240, subd. 5, making it a felony to solicit any person to go to a house of prostitution for any immoral purpose, an information in the language of the statute is insufficient if it fails to charge what particular immoral purpose or purposes the solicitation covered and were relied upon to constitute the offense.

SAME. Under Rem. & Bal. Code, § 2440, subd. 5, making it a felony to solicit any person to have sexual intercourse with a common prostitute, an information charging the accused with soliciting a person to have sexual intercourse with one D. with intent that she should become a common prostitute is insufficient.

INDICTMENT AND INFORMATION—REQUISITES—DIRECTNESS AND CERTAINTY—PROSTITUTION. Under Rem. & Bal. Code, § 2240, subd. 4, making it a felony for the husband to "connive at, consent to, or permit" his wife's being or remaining in any house of prostitution or leading a life of prostitution, an information charging the offense only by inference, in that it merely alleged that he solicited certain persons to go to a house of prostitution, and to have sexual intercourse with her with intent that she should lead a life of prostitution, is insufficient, in view of Id., § 2057, requiring the information to be direct and certain as to the crime charged and the circumstances of the crime when necessary to constitute a complete crime.

INDICTMENT AND INFORMATION — REQUISITES — DUPLICITY. An information is bad for duplicity where it charges the defendant with the three overt acts of (1) placing his wife in the charge of another person for immoral purposes, (2) of soliciting certain individuals to go to a house of prostitution for an immoral purpose, and (3) with

[1]Reported in 147 Pac. 9.

conniving at and consenting to his wife's leading a life of prostitution, without attempting to charge that the three acts were connected in any way, and all of which are specified as different offenses under Rem. & Bal. Code, § 2440, subds. 1, 4 and 5; since Id., § 2059, provides that an information must charge but one crime and in one form only, except where the crime may be committed by the use of different means, in which case the means may be alleged in the alternative.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 24, 1913, upon a trial and conviction of placing a female in a house of prostitution. Reversed.

*Alfred M. Craven*, for appellant.

*George H. Crandell* and *D. B. Heil*, for respondent.

Fullerton, J.—The appellant was convicted and sentenced to a term in the penitentiary, upon an information which, omitting the formal parts, reads as follows:

"Comes now the prosecuting attorney for Spokane county, state of Washington, and charges the defendant, M. M. Dodd, with placing a female in a house of prostitution, soliciting a person to go to a house of prostitution for an immoral purpose, and being the husband conniving at and consenting to his wife leading a life of prostitution.

"That the said defendant, M. M. Dodd, on or about the 5th day of July, 1913, in the county of Spokane, state of Washington, then and there being, did then and there unlawfully, feloniously and wilfully place a female, his wife, Katie Dodd, in the charge of another person for immoral purposes, to wit, in the charge of W. H. Scott; that said defendant on said date solicited one Norman Clyne and one Frank Cape to go to a house of prostitution for an immoral purpose, and to have sexual intercourse with said Katie Dodd, with intent that she, the said Katie Dodd, should become a prostitute and lead a life of prostitution."

When required to plead to the information, the appellant demurred thereto, basing his demurrer on a number of the statutory grounds. The demurrer was overruled and a trial had, which resulted in a verdict against the appellant, find-

ing him "guilty as charged in the information." Based on the finding of the jury, the court adjudged the defendant "guilty of the crime of placing a female in a house of prostitution, soliciting a person to go to a house of prostitution for an immoral purpose, and being the husband, conniving at and consenting to his wife leading a life of prostitution as charged in said information;" following in this respect the designation of the offense sought to be charged as it appears in the information.

The section of the statute on which the information is based is found in the criminal code of 1909 at § 188, Laws 1909, p. 944, and reads as follows:

"Every person who—

"(1)   Shall place a female in the charge or custody of another person for immoral purposes, or in a house of prostitution, with intent that she shall live a life of prostitution, or who shall compel any female to reside with him or with any other person for immoral purposes, or for the purposes of prostitution, or shall compel any such female to reside in a house of prostitution or to live a life of prostitution; or

"(2)   Shall ask or receive any compensation, gratuity or reward, or promise thereof, for or on account of placing in a house of prostitution or elsewhere any female for the purpose of causing her to cohabit with any male person or persons not her husband; or

"(3)   Shall give, offer, or promise any compensation, gratuity or reward, to procure any female for the purpose of placing her for immoral purposes in any house of prostitution, or elsewhere, against her will; or

"(4)   Being the husband of any woman, or the parent, guardian or other person having legal charge of the person of a female under the age of eighteen years, shall connive at, consent to, or permit her being or remaining in any house of prostitution or leading a life of prostitution; or

"(5)   Shall live with or accept any earnings of a common prostitute, or entice or solicit any person to go to a house of prostitution for any immoral purpose, or to have sexual intercourse with a common prostitute;

"Shall be punished by imprisonment in the state penitentiary for not more than five years or by a fine of not more

than two thousand dollars." Rem. & Bal. Code, § 2440 (P. C. 135 § 375).

Comparing the language of the information with the language of this section of the code, it is apparent that the pleader intended to charge the appellant with having violated three separate acts prohibited thereby, contained in as many separate subdivisions. The appellant is charged, under subdivision 1, with having placed a female in the charge of another person for an immoral purpose; under subdivision 5, with having solicited persons to go to a house of prostitution for an immoral purpose; and, under subdivision 4, with being a husband of a woman and conniving and consenting to her leading a life of prostitution. From the judgment entered, it is made clear, also, that the court concluded that the verdict of the jury found the defendant guilty of violating these particular prohibitions of the section cited.

In this court the appellant makes two principal contentions, the first of which is that the information does not state facts sufficient to constitute a crime under any of the three subdivisions mentioned on which it purports to be based; and, second, that, if sufficient facts are alleged, it charges three separate and distinct offenses, and not the commission of one offense by different means, and is thus contrary to § 2059 of Rem. & Bal. Code (P. C. 135 § 1023), which provides that an information must charge but one crime, and in one form only, except where the crime may be committed by the use of different means, in which case the means may be alleged in the alternative.

It has seemed to us that there is merit in these contentions. With regard to the first, it will be observed that the words used in subdivision 1 of the section quoted, to define the crime sought to be charged thereunder, are wide and general in their application, and can be applied to acts wholly dissimilar in their nature. For example, it would be placing a female in the custody and control of another person for an immoral purpose to place her therein for the purpose of hav-

ing her beg on the street for her custodian, or to have her perform acts of theft for his benefit, or to live with him in a state of concubinage, or to practice prostitution with others for his gain. Many other acts falling within the meaning of these words might be enumerated, but these are enough to show that a charge in the general words of the statute does not inform the defendant of the specific offense with which he is accused, or, to use the language of the statute, does not "contain a statement of the acts constituting the offense . . . in such a manner as to enable a person of common understanding to know what was intended." The effect is that the defendant is compelled to wait until the state develops its proofs at the trial before he can know the specific charge against which he was required to defend. This is not enough. The information should state the particular immoral purpose on which the state intends to rely in support of its accusation.

We are aware that it is a general rule that an indictment or information is sufficient if it charges the offense in the language of the statute. But to the rule there are many exceptions. Where the statute itself descends into particulars, and recites the particular acts which constitute the crime, it is sufficient to charge the crime in the language of the statute. But where, as here, the statute is couched in general terms, capable of being applied to a variety of acts, it is not sufficient that the information charge the offense in the general terms, but it must state the act or acts falling within the general terms on which the state intends to rely for conviction.

The second charge in the information, the charge of soliciting, is we think insufficient for the same reason. Since a person may solicit another to go to a house of prostitution for different immoral purposes, the accused has the right to know in advance of the proofs of what particular immoral purpose or purposes the solicitation covered on which the state intends to rely for a conviction. This part of the charge is not aided by the concluding clause of the informa-

tion. It is not alleged that the woman named was an inmate of or at the house of prostitution to which the persons named were solicited to go, nor is it alleged that she was a common prostitute, so as to bring the charge within this particular clause.

The third charge is but a deduction from the other two charges. It will be observed that the information does not use the expressions "connive at," or "consent to," or "permit," in connection with this particular charge, and that the defendant did so "connive at, consent to, or permit her . . . leading a life of prostitution" is inferable only from other expressions used. But under our practice, crimes cannot be charged by inferences. By the code, the information must be direct and certain as to the crime charged, and the particular circumstances of the crime charged when the circumstances are necessary to constitute a complete crime. Rem. & Bal. Code, § 2057 (P. C. 135 § 1019).

We think, also, that the information, conceding it to be sufficient in the particulars discussed, is faulty for the second reason urged by the appellant. It may be that a person could, by a series of connected overt acts, violate the prohibitions of the clauses in question found in subdivisions 1 and 4 of the section quoted in such a manner as to permit the inclusion of the entire acts in one information, but it is difficult to see how any series of acts could be so connected as to make it permissible to include therewith the prohibited matter found in subdivision 5. Seemingly the acts prohibited by this latter subdivision must, under all circumstances, be disconnected with the other prohibited acts. The act of a husband in placing his wife in the custody of another person for an immoral purpose and with the intent that she shall lead a life of prostitution, has no readily perceived connection with the act of soliciting persons to go to a house of prostitution for an immoral purpose, be that immoral purpose what it may. If this be true, to connect them in one information is to make the information bad for duplicity.

But perhaps to inquire what may be done is beside the question before us. Here the pleader sought to charge the appellant with three distinct overt acts without attempting to charge that they were connected in any way. This information is therefore bad for duplicity, whatever might be the holding as to one drawn in the manner indicated.

Our conclusion is that the judgment must be reversed, and the cause remanded with instructions to sustain the demurrer to the information. It is so ordered.

CROW, MOUNT, MAIN, and ELLIS, JJ., concur.