[No. 12819.   Department Two.   November 17, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. FELIX CRANE, *Appellant*.[1]

PROSTITUTION—INDICTMENT — SUFFICIENCY — ACCEPTING EARNINGS OF PROSTITUTE. An information charging, in the language of the statute, the accused with accepting the earnings of one G. B., she then and there being a common prostitute, sufficiently charges the offense of accepting the earnings of a prostitute; it not being necessary to specify that the earnings so given were unlawful earnings accepted for an unlawful purpose, or to state specifically what was received.

CRIMINAL LAW — INDORSEMENT OF NAMES OF WITNESSES — FALSE NAMES. That the names of witnesses for the state indorsed on the information were false names or aliases is not ground for striking their testimony, where the fact developed upon their cross-examination and it is not shown that the accused was not apprised of their identities; since he was not prejudiced.

CRIMINAL LAW—VARIANCE—FALSE NAME—PREJUDICE. In a prosecution for accepting the earnings of a prostitute, a variance between the information and the proof, in that the name of the prostitute as given in the information was false or an alias, is not material where it is not shown that the accused was not apprised of her identity.

PROSTITUTION — ACCEPTING EARNINGS OF PROSTITUTE — EVIDENCE — SUFFICIENCY. In a prosecution for accepting the earnings of a prostitute, whether the accused accepted her money or knew that it was the earnings of a prostitute, is a question for the jury, where it appears that he allowed one R. to place girls in his hotel, saying he would take care of them, and accepted money from R. from time to

[1]Reported in 152 Pac. 989.

time for protection, and that the girls paid R. for protection and had an arrangement with him to pay him a certain sum from their earnings.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 3, 1915, upon a trial and conviction of accepting the earnings of a prostitute. Affirmed.

*Vanderveer & Cummings*, for appellant.

*Alfred H. Lundin* and *Joseph A. Barto*, for respondent.

Morris, C. J.—The defendant has appealed from a conviction on the charge of accepting the earnings of a prostitute. The charging part of the information, to which he unsuccessfully demurred, is as follows:

"He, said Felix Crane, in the county of King, state of Washington, on the 28th day of December, 1914, did then and there wilfully, unlawfully and feloniously accept the earnings of one Gladys Bates, she, said Gladys Bates, then and there being a common prostitute."

This information is practically the same as the information in *State v. Columbus*, 74 Wash. 290, 133 Pac. 455, which we held sufficient, saying:

"It is manifest that the facts charged, if proven, constitute a crime under the express terms of the statute."

The appellant, however, urges that the sufficiency of the demurrer received scant consideration in the *Columbus* case, and that the force of that decision has been modified by our decisions in *State v. Muller*, 80 Wash. 368, 141 Pac. 910, and *State v. Dodd*, 84 Wash. 436, 147 Pac. 9, both of which refer to the principle enunciated by Judge Dunbar in *State v. Carey*, 4 Wash. 424, 30 Pac. 729, that the charge must be so specific that the defendant will be able to avail himself of his acquittal or conviction for protection against a further prosecution for the same offense. There can be no doubt of the correctness of that rule, but we do not believe that the charge here does violence thereto. In *State v. Carey, supra*, the statute made unlawful the practice of medicine without a

license and defined two different acts as constituting practice
—the use of a degree, and the giving of a prescription.   The
complaint charged the defendant with the practice of medi-
cine on a given date, but did not designate whether by the use
of the letters "M. D." or "M. B.", or, by giving a prescrip-
tion, and it could not be known which charge was preferred
against him, or, if the latter, what particular act of giving a
prescription he must be prepared to defend against.   Like-
wise, in *State v. Dodd, supra,* the information charged a
crime which might have been committed by any one of several
distinct acts, without specifying any one act which the de-
fendant would have to meet.   The information here charges
but one crime, which may not be committed by acts of different
character.   Whatever may be the views entertained of our
decision in the *Columbus* case, we are satisfied that that hold-
ing is correct, and that this information is sufficient.

The term "earnings of a prostitute" clearly means only
earnings gained by the practice of prostitution, and the
charge here clearly imports that, to be unlawful, the earnings
must be given by the prostitute either by herself or by some
one in her behalf, that the earnings so given must be unlawful
earnings accepted for an unlawful purpose, and that the ap-
pellant is charged with such an acceptance.   The argument
that, inasmuch as prostitutes may have earnings gained in
lawful occupations the acceptance of which is not in viola-
tion of law, and as the acceptance of unlawful earnings for
lawful purposes is not illegal, the information must specify
that the earnings were from the practice of prostitution and
received for an unlawful purpose, is technical rather than sub-
stantial.   The information charges, in the words of the stat-
ute, an act which is by the statute made unlawful.   The
charge is not of a crime which may be committed by acts dif-
fering in character, as in the *Carey* and the *Dodd* cases.

It is contended, also, that the term "earnings" is a generic
term, and that as earnings might be of money, or articles of
personal adornment, or other things than money, the in-

formation must state specifically what was received. *State v. Muller, supra,* is cited to sustain the contention. In that case, we found that it was the intent of the statute that the particular unit into which it was charged the intoxicating liquor had been shipped should be designated, and, since it was essential that the defendant know the unit, an information which failed to designate it was defective. The rule there is not authority for the rule sought to be invoked here. We are satisfied that the information sets out acts constituting the offense in such a manner as to enable a person of common understanding to know what is intended.

Upon cross-examination of the state's principal witness, Rice, and Gladys Bates and Katherine Roberts, it developed that these names were not the true names of the witnesses. Appellant moved to strike the testimony on the ground that the names of the witnesses were not indorsed on the information as required by Rem. & Bal. Code, § 2050 (P. C. 135 § 997). It does not appear that the appellant was misled by the fact that the names indorsed were aliases, nor that he was less able to prepare his defense because of this fact. The object of the statute is to apprise the defendant who will be called upon to testify against him, in order that he may prepare his defense accordingly. *State v. John Port Townsend,* 7 Wash. 462, 35 Pac. 367. The identity of the proposed witness is the important element; the name by which the individual is known is of secondary importance; and if the defendant has been apprised of the identities he has not been prejudiced. *Bennett v. United States,* 227 U. S. 333; *State v. Ewing,* 67 Wash. 395, 121 Pac. 834.

This conclusion also disposes of the contention that there was a variance between the information and the proof because the girl whose earnings were accepted was not in fact Gladys Bates, but only a person known by that name.

The appellant asserts that, for two reasons, the evidence was insufficient to sustain a conviction; first, the money was Rice's own money; and second, even if it were not, the appel-

lant did not know that the money had come from Gladys Bates or any other prostitute, or had been earned in the practice of prostitution. The evidence relied upon by the state to obtain the conviction was briefly as follows: On the 12th or 14th of December, Rice went to see Crane at the latter's saloon about putting some girls in the hotel which Rice was operating, and Crane told him to go ahead and put them in; "I will take care of them." Within the next few days, Rice secured two girls, known as Gladys Bates and Katherine Roberts, who went to the hotel and began the practice of prostitution. On the 19th or 20th, Rice went to see Crane about paying him for protection, and $15 was then agreed upon and was actually paid on the next afternoon. About a week later, Rice again met Crane and asked him how much he owed, and Crane answered, "About the same amount." This was also paid on the following day. Rice's arrangement with the girls was that they should pay him one dollar for every third man accommodated, and there is evidence they understood that part of this was to go to Crane for protection. In addition, it was shown that at one time the Bates girl gave Rice five dollars for that express purpose. Although there was no direct evidence that Crane knew that the money he received was earnings from the practice of prostitution, the circumstances under which it was received would lead to a belief that he knew, and this, as well as the ownership of the money, was a question for the jury.

Several minor points are raised in appellant's brief. These have all been considered, but we do not find that the appellant was prejudiced by any of the errors assigned, nor that their importance would justify extending this opinion. We have read the entire record and examined all the authorities cited, and are unable to conclude that the appellant has been improperly informed against, or improperly tried and convicted.

The judgment is therefore affirmed.

ELLIS, FULLERTON, and CHADWICK, JJ., concur.