[No. 14191.   Department One.   December 14, 1917.]

THE CITY OF SEATTLE, *Appellant*, v. I. B. MOLIN *et al.*,
*Respondents.*[1]

INDICTMENT AND INFORMATION—DUPLICITY—INTOXICATING LIQUOR—
OFFENSES. A complaint for violation of the general liquor ordinances of Seattle is bad for duplicity, where it charges the manufacture of intoxicating liquors, the selling and disposing of the same, the buying, receiving and keeping such liquors with intent to sell or dispose of the same, the receiving of other liquor without specific intent, and with having in possession more than the legal quantity; since it charges five distinct offenses arising out of distinct transactions and based upon different provisions of the ordinance.

CRIMINAL LAW—APPEAL FROM JUSTICE—TRIAL DE NOVO—WITH-
DRAWAL OF PLEA. An appeal in a criminal case from police court to the superior court transfers the cause for trial *de novo;* and allowing a demurrer to be filed has the effect of a withdrawal of the plea of not guilty entered in the police court.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered February 15, 1917, upon sustaining a demurrer to the complaint, dismissing a prosecution for violating an ordinance. Affirmed.

*Hugh M. Caldwell, Patrick M. Tammany,* and *Thomas J. L. Kennedy,* for appellant.

*J. Kalina,* for respondents.

[1]Reported in 169 Pac. 318.

WEBSTER, J.—Respondents were convicted in police court of violating the general liquor ordinance (No. 36,242) of the city of Seattle. On appeal to the superior court, a demurrer to the complaint was sustained upon the ground of duplicity and that it did not conform to the requirements of the code. From a judgment of dismissal, the city has appealed to this court.

The complaint, omitting formal parts, is as follows:

"That on the 14th day of Oct., 1916, at the city of Seattle, in said King county, Washington, the said defendant did commit a misdemeanor 'unlawful keeping and disposing of intoxicating liquor' as follows, to wit: He, said I. B. Molin, A. Segal, at No. 300-4th Ave. South and in the city of Seattle, King county, Washington, wilfully and unlawfully and contrary to the provisions of the ordinance hereinafter mentioned, did then and there manufacture, sell, barter, exchange, give away, furnish and dispose of. certain intoxicating liquor; and did then and there buy, receive and keep certain intoxicating liquor with intent to sell, barter, exchange, give away, use, furnish and dispose of the same; and did then and there buy, accept and receive certain intoxicating liquor; and, not being then and there a licensed druggist or pharmacist, or a person keeping alcohol to be used for mechanical or chemical purposes only did then and there have in his possession more than one-half gallon or two quarts of liquor other than beer, and more than twelve quarts or twenty-four pints of beer."

It will be seen the respondents were accused of unlawfully: (1) Manufacturing certain intoxicating liquor; (2) selling, bartering, exchanging, giving away, furnishing and disposing of certain intoxicating liquor; (3) buying, receiving and keeping certain intoxicating liquor with intent to sell, barter, exchange, give away, furnish and dispose of the same; (4) buying, accepting and receiving certain intoxicating liquor without specific intent; (5) having in their possession more than one-half gallon or two quarts of liquor other than beer, and more than twelve quarts or twenty-four pints of beer, not

being licensed druggists or pharmacists, or persons keeping alcohol to be used for mechanical or chemical purposes.

Rem. Code, § 2057, provides:

"The indictment or information must be direct and certain, as it regards  .  .  .   the crime charged."

Section 2065 provides:

"The indictment or information is sufficient if it can be understood therefrom  .  .  .   that the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

Section 2059 provides:

"The indictment or information must charge but one crime, and in one form only, except that where the crime may be committed by use of different means, the indictment or information may allege the means in the alternative."

These statutes are plain and unambiguous and, when taken together, clearly define the proper rule to be applied in this case, which is, that but one crime may be charged in the same indictment or information, and the allegations setting forth the offense must be sufficiently definite and certain to apprise a person of reasonable intelligence what the accused is called upon to meet. It may be conceded that the same particularity and technical accuracy of pleading is not required in prosecutions in the police court for violations of municipal ordinances as in cases prosecuted by indictment or information in a court of general jurisdiction, but this rule has its limitations. It does not go to the extent of permitting a person to be charged with a variety of wholly disconnected, independent and inconsistent offenses and then convicted of whichever of the infractions, if any, the evidence may be sufficient to sustain. No one should be called upon to answer a dragnet charge of crime, no matter in what court it may be made or in whose behalf it is prosecuted. Such a rule imposes no unreasonable burden upon the municipality in the enforce-

ment of its ordinances, and a less measure of protection to the accused would be contrary to the spirit of our institutions. Even in police court the defendant is entitled to be informed of the nature and cause of the accusation against him, to the end that he may fairly and intelligently prepare his defense. A principle so thoroughly grounded in natural justice is not subject to any exceptions.

In this case the complaint is neither direct nor certain as to the particular charge upon which the city intends to rely for conviction. On the contrary, it charges at least five separate and distinct offenses arising out of disconnected transactions and based upon wholly different provisions of the ordinance. Clearly it does not come within the principle that, where a single offense may be committed in different ways or by the use of different means, it may be charged to have been committed by more than one of those ways or means, provided they are not repugnant to each other. Here the charge is not single. The complaint charges a number of offenses. It does not allege different ways or means of committing the same offense, but charges a number of separate offenses arising out of a variety of independent acts. Can it be said that manufacturing liquor; selling, bartering and disposing of liquor; buying, receiving and keeping liquor for an unlawful purpose; buying liquor contrary to law and having a prohibited amount of liquor in one's possession, are but different ways of committing the same offense? If so, what is the offense which these miscellaneous acts constitute? But why prolong the discussion? The complaint is so palpably duplicitous and indefinite we shall content ourselves by citing some of the authorities which demonstrate that it is so. *State v. Bryant,* 90 Wash. 20, 155 Pac. 420; *State v. Dodd,* 84 Wash. 436, 147 Pac. 9; *State v. Hoffman,* 56 Wash. 622, 106 Pac. 139; *State v. Ackles,* 8 Wash. 462, 36 Pac. 597; *Sturgis v. State,* 2 Okl. Cr. 362, 102 Pac. 57; *De Graff v. State,* 2 Okl. Cr. 519, 103 Pac. 538; 22 Cyc. 376; 10 R. C. L. 194.

It is next urged that the court erred in entertaining the demurrer. This contention is rested upon the fact that respondents' pleas of "not guilty," entered in the police court, had not been withdrawn at the time the demurrer was interposed. The point is not well taken. The appeal from the municipal court had the effect of transferring the proceedings to the superior court for trial *de novo.* The action of the court in allowing the demurrer to be filed and in subsequently sustaining the same amounted to permission to withdraw the pleas of not guilty, if, indeed, any such course was necessary.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.