[No. 15340.   Department One.   July 29, 1919.]

THE STATE OF WASHINGTON, *Respondent,* v.
EARL RANDALL, *Appellant.*[1]

INDICTMENT AND INFORMATION (60)—REQUISITES—SUFFICIENCY OF
AVERMENTS IN LANGUAGE OF STATUTE.   An information under Rem.
Code, § 5562-23, is sufficient, where it specifies the day and place of
the offense and embodies substantially the language of the statute
making it a criminal offense to operate a motor vehicle in other than
a careful manner or at a greater speed than is reasonable, etc.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered January 29, 1918,
upon a trial and conviction of unlawfully driving an
automobile.   Affirmed.

*Hayden, Langhorne & Metzger,* for appellant.

*Fred G. Remann, J. W. Selden,* and *Elmer E. Healey,*
for respondent.

MAIN, J.—The defendant was charged by complaint,
before a justice of the peace, with unlawfully driving
an automobile.   From a judgment of conviction in that
court, he appealed to the superior court, where the
complaint was demurred to on the ground that it failed
to state facts ''sufficient to charge this defendant with
the commission of any criminal offense.''   The de-
murrer was overruled, and the trial resulted in a judg-
ment of conviction and a fine in the sum of $25 and
costs.   From this judgment, the appeal is prosecuted.

No statement of facts or bill of exceptions has been
brought to this court.   The only question presented is
whether the complaint charges a crime.   After specify-
ing the day when, and the place where, the unlawful
driving occurred, the complaint substantially follows
the language of § 23, ch. 142, Laws of 1915, p. 385
(Rem. Code, § 5562-23 *et seq.*) which provides:

[1]Reported in 182 Pac. 575.

"No person driving or operating any motor vehicle shall drive or operate the same in any other than a careful and prudent manner, nor at any greater speed than is reasonable or proper, having due regard to the traffic and use of the way by others, or so as to endanger the life and limb of any person."

It will be noticed that, under this statute, it is made a criminal offense; first, to drive or operate a motor vehicle in other than a careful and prudent manner; second, at a greater rate of speed than is reasonable or proper, having due regard to the traffic and use of the way by others; and third, so as to endanger the life or limb of any person. Whether this statute falls within the class which defines separate and distinct offenses, under the rule stated in *Seattle v. Molin,* 99 Wash. 210, 169 Pac. 318, or whether it falls within the class of statutes which define but one crime but specify the various ways in which that crime may be committed, it is not necessary here to determine.

The demurrer to the complaint was based upon the sole ground that the complaint did not state facts sufficient to charge a crime. The only question then to determine is whether a complaint or information which specifies the day and the place of the offense and embodies substantially the language of the statute charges a crime. Attention here will only be given to that portion of the statute which provides that no person shall drive a motor vehicle at any greater speed than is reasonable and proper, having due regard to the traffic and use of the way by others. If, under this provision, a crime is charged, it is unnecessary to inquire further. It is undoubtedly the rule in this jurisdiction that it is sufficient, in charging a crime, to follow the language of the statute, where such crime is there defined and the language used is sufficient to apprise the accused, with reasonable certainty, of the

nature of the accusation, so that he may be able to avail himself of his acquittal or conviction as a protection against further prosecutions for the same offense. *State v. Ryan,* 34 Wash. 597, 76 Pac. 90; *State v. Martin,* 94 Wash. 313, 162 Pac. 356; *State v. Richter,* 95 Wash. 544, 164 Pac. 250.

It is said that the charge in the present case does not contain facts, but conclusions only. But to charge the accused with driving an automobile at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the way by others, falls within the rule of those cases which hold that a complaint or information in the language of the statute is sufficient. *State v. Columbus,* 74 Wash. 290, 133 Pac. 455; *State v. Crane,* 88 Wash. 210, 152 Pac. 989. While the defendant in the cases cited was not charged with the crime of unlawfully driving an automobile, yet we think that they are controlling. The information in each case substantially followed the language of the statute, and the present charge is no more subject to the criticism directed against it than were the informations in those cases.

The case of *State v. Carey,* 4 Wash. 424, 30 Pac. 729, is referred to in the *Crane* case and there distinguished.

The judgment will be affirmed.

MACKINTOSH, TOLMAN, and MITCHELL, JJ., concur.

HOLCOMB, C. J., took no part.