[No. 17059. Department Two. September 28, 1922.]

## THE STATE OF WASHINGTON, *Respondent*, v. FLETCHER EVERETT, *Appellant*.[1]

PROSTITUTION (3)—LIVING WITH PROSTITUTE—EVIDENCE—SUFFICIENCY. A conviction of living with a prostitute is sustained, regardless of the period of time proved, if it was done with the intention of remaining together.

SAME (3)—ACCEPTING EARNINGS OF PROSTITUTE—EVIDENCE—SUFFICIENCY. A conviction of accepting the earnings of a prostitute is sustained by the positive evidence of the prosecutrix that she turned over certain earnings to the accused upon his demand, knowing its source, and that it was not in repayment of an advance or loan to her.

SAME (4)—LIVING WITH PROSTITUTE—DEFINITION—INSTRUCTIONS. An instruction properly defines "living with" a prostitute, as in a civil action, to be consorting with one regularly, although not living together as man and wife.

SAME (3)—EVIDENCE—ADMISSIBILITY. In a prosecution for living with a prostitute, it is not error to exclude evidence of the accused's wife that at the time in question accused was temporarily absent for the purpose of establishing a residence, as the same is too remote.

PROSTITUTION (5)—PUNISHMENT—EXCESSIVE SENTENCE. It is not an abuse of discretion to sentence for not less than four and one-half or more than five years, for accepting the earnings of a prostitute, under Rem. Comp. Stat., § 2440, fixing a penalty of not more than five years or a fine of not more than $2,000.

[1]Reported in 209 Pac. 519.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered September 13, 1921, upon a trial and conviction of living with and accepting the earnings of a prostitute. Affirmed.

*Barrows & Hanna*, for appellant.

*Sam R. Sumner* and *Frank Lebeck*, for respondent.

MAIN, J.—The defendant in this case was charged by information with the crime of living with and accepting the earnings of a common prostitute. At the conclusion of the state's evidence, he moved for a directed verdict, which was overruled. At the conclusion of the evidence, the cause was submitted to the jury and a verdict of guilty returned. A motion for new trial being made and overruled, the defendant appeals.

The evidence upon material matters, as is usual in such cases, was in conflict. There was evidence which, if believed by the jury, would sustain the following summary as to the facts: On the afternoon of June 7, 1920, the appellant met the complaining witness at her room in a hotel in Wenatchee where she had been practicing prostitution for a few days. At this time he suggested to her that she go with him on that evening to a house or shack in the south part of town where she could meet men and get some money. She did not at that time consent to go, but later in the evening the appellant and another person called and she went to the place mentioned, where she practiced prostitution with three men. Later in the evening, and about 11 o'clock, she went with the appellant in an automobile to Cashmere. They stopped at a hotel there and occupied the same room and the same bed. Before leaving Wenatchee, the appellant had asked the complaining witness to go to Leavenworth with him, as she could make money there. On the morning of the 8th at Cash-

mere, the appellant purchased a pair of shoes for the complaining witness, which cost probably $6.50. The complaining witness says she called the attention of the appellant to the fact that she needed shoes, but did not request him to buy them for her. The appellant testified that she requested him to buy the shoes and he expected to be reimbursed for the same. On this morning the person who had visited the room of the complaining witness at Wenatchee with the appellant came to Cashmere, bringing the appellant's suit case and his clothes, and also some of the clothes of the complaining witness. The two men with whom the complaining witness had originally come to Wenatchee from another part of the state followed her to Cashmere on the morning after she left Wenatchee. In a conversation of the appellant with these men they were told that he would not permit the complaining witness to return to them.

On the afternoon of the 7th, the complaining witness and appellant left Wenatchee together with the man who had brought the suit case and went to Leavenworth, where the appellant and the complaining witness registered at a hotel as husband and wife. During that afternoon or night the complaining witness practiced prostitution with three men, and received therefor the sum of $8.50. When men would come to the room for this purpose, the appellant would leave the room. At about twelve o'clock that night he returned to the room and remained in the same room and the same bed with the complaining witness during that night. On the following day, they returned to Wenatchee and secured a room which they occupied together until sometime early the next morning, when they were arrested. Before leaving Leavenworth, the appellant requested the complaining witness to go on

to Ellensburg or Cle Elum with him, as she could make money there. Also, before leaving Leavenworth, the appellant demanded of and received from the complaining witness $8.50, being all of the money which she had earned the night previous in practicing prostitution. On the afternoon of the day they arrived at Leavenworth, the appellant gave her $2, with which to buy some small articles of clothing.

It is first contended that the evidence is not sufficient to sustain the charge either of living with, or accepting the earnings of, a common prostitute. The time during which the parties lived together is not material, if it is shown that they were doing so with the intention of remaining together, as was held in *State v. Thuna,* 59 Wash. 689, 109 Pac. 331, 111 Pac. 768, 140 Am. St. 902. Under the evidence in this case, as appears not only from the facts above stated but from other incidental evidence, it was sufficient, if believed by the jury, to sustain a finding that the appellant was guilty as charged in this regard. As to the accepting of the earnings, the evidence is in direct conflict. The complaining witness testified positively and unequivocally that the money paid for the shoes was not a loan but was a voluntary act of the appellant. She further testified, as already indicated, that at Leavenworth he demanded all of the money she had earned the night before, and that it was turned over to him. It was for the jury to determine whether this was a repayment for advances or whether it was the acceptance of the earnings of a prostitute, knowing the manner in which the money had been earned. It cannot be doubted, under the evidence, that the appellant knew the source from which the money came.

Some objections are made to the instructions given. Instruction No. 14, which is complained of, is based

upon the case of *Eddy v. Cunningham*, 69 Wash. 544, 125 Pac. 961. It is argued that, since that was a civil case, the definition there given of what would constitute living with a common prostitute should not apply in a criminal case. We see no reason why "living with" should be given a different meaning in a criminal case from what it has been given in a civil case. The instruction is in accordance with the holding of the case of *State v. Thuna, supra,* as to what would constitute living with a prostitute.

Objection is also made to instruction No. 18. This objection is hardly argued at all in appellant's brief, and we can see no objection to the instruction as given. It correctly stated the law. *State v. Columbus,* 74 Wash. 290, 133 Pac. 455; *State v. Crane,* 88 Wash. 210, 152 Pac. 989.

There are other assignments of error relating to instructions given, and also the refusal to give certain requested instructions, but these are not argued in the brief, and while they have been considered, we find them without substantial merit.

The next question is whether the trial court committed error in sustaining an objection to testimony as to facts which it was proposed to prove by the appellant's wife. While this witness was upon the stand, the appellant offered to prove by her that she had lived with him since their marriage and up to the time of the trial, with the exception of the time when the appellant was temporarily absent for the purpose of establishing a residence in Wenatchee; that, on or about the 13th of May, 1920, there was an arrangement between them that the appellant should come to Wenatchee from Whatcom county, where they were residing, for the purpose of establishing a residence. This testimony is within that class where it would not be error either

to receive or reject it. Its bearing, if it has any on any issue in the case, is so remote that prejudicial error cannot be predicated upon the refusal of the trial court to admit it.

It is further contended that the sentence imposed was so excessive as to constitute an abuse of discretion on the part of the trial court. The appellant was sentenced to serve a term of not less than four and one-half years and not more than five years in the state penitentiary. This is within the limit fixed by the statute and presents the same question which was held adversely to the contention of the appellants in the recent case of *State v. Miles, ante* p. 318, 209 Pac. 518.

The judgment will be affirmed.

PARKER, C. J., and HOLCOMB, J., concur.